In the Matter of Morris Platzman, Appellant, against Board of Regents of the University of the State of New York, Respondent.— Appeal from an order of the Rensselaer County Special Term dismissing a petition to review a determination of the Board of Regents under article 78 of the Civil Practice Act. The petitioner admitted that he attempted to bribe an internal revenue agent in connection with a charge against one of his clients. He was convicted by a United States court of a felony. His certificate to practice as a certified public accountant has been revoked by the Board of Regents. The determination should be confirmed. Determination unanimously confirmed, without costs. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ.

Charles G. Gross, Respondent, v. Alice Gross, Appellant.— Defendant has appealed from a judgment of the Sullivan Special Term of the Supreme Court, directing that she reconvey certain premises to plaintiff and adjudging him to be the owner thereof. Only questions of fact are involved. The proof sustains the judgment of the court below. Judgment affirmed, without costs. Heffernan, Brewster, Foster and Deyo, JJ., concur; Hill, P. J., dissents upon the ground that the denial of a jury trial was unwarranted. The matter should be remitted for a trial by a jury.

In the Matter of Charles J. Cohen, Petitioner, against Board of Regents of the University of the State of New York, Respondent.— Review, under article 78 of the Civil Practice Act, of respondent's determination of March 25, 1948, suspending petitioner's license to practice dentistry for the period of one year. The determination under review is based upon proof of charges that, among other things, petitioner aided and abetted an unlicensed person, one Gehlberd, to practice dentistry upon certain of respondent's investigators by taking impressions of their mouths and fitting and adjusting therein constructed dentures. The facts, that Gehlberd was unlicensed and thus operated in petitioner's office and in his presence, are not controverted. The statute defines the practice of dentistry as consisting, among other practices, of the following: (1) furnishing, supplying, constructing, reproducing or repairing of dentures, bridges, etc., or other structures, to be used as substitutes for natural teeth, except on the written prescription of and by the use of impressions or casts made by a duly licensed dentist; (2) the placing of such substitutes in the mouth and/or adjusting the same. (Education Law, § 6601, subd. 2.) It may not be gainsaid but that the aforesaid uncontroverted facts as to the conduct of Gehlberd constituted practice of dentistry. The statute aforesaid plainly stamps it as such, and the discipline administered is authorized. (Education Law, § 6613, subd. 2, cls. d, e.) That Gehlberd was acquitted of a misdemeanor charge based on his aforesaid conduct, as a matter of law in Court of Special Sessions, Kings County (see People v. Gehlberd, 272 App. Div. 914), has no bearing upon or relevancy to the instant matter. (Matter of Bender v. Board of Regents of Univ. of State of N. Y., 262 App. Div. 627, 631.) Determination confirmed, without costs. Heffernan, Brewster and Foster, JJ., concur; Hill, P. J., and Russell, J., dissent upon the following ground: The determination should be annulled. The criminal court wherein Gehlberd was tried and acquitted adopted the practical and just rule. The petitioner, a regularly licensed dentist, was present at all times and controlled and directed the acts of the mechanic. The latter did not go beyond the requirements of his mechanical duties. [See post, p. 1017.]