In the Matter of LYNCH'S BUILDERS RESTAURANT, INC., Respondent, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Appellants.

Argued December 6, 1951; decided January 24, 1952.

*Alvin McKinley Sylvester* and *Charles W. Chattaway* for appellants. I. Upon the evidence the board was justified in concluding that on at least two different occasions petitioner

either knew or through the exercise of reasonable diligence could have known that homosexuals were committing disorderly acts upon the licensed premises. The question of credibility of witnesses was for the board alone and its determination is supported by substantial evidence. (*Schindler* v. *Royal Ins. Co.,* 258 N. Y. 310; *Matter of Cohen* v. *Board of Regents,* 274 App. Div. 952, 299 N. Y. 582; *Matter of Bender* v. *Board of Regents,* 262 App. Div. 627; *Matter of Kaufmann,* 245 N. Y. 423; *Matter of Garvey* v. *O'Connell,* 271 App. Div. 766; *Matter of Miller* v. *Kling,* 291 N. Y. 65; *Matter of Avon Bar & Grill* v. *O'Connell,* 301 N. Y. 150; *Matter of Humphrey* v. *State Ins. Fund,* 298 N. Y. 327.) II. The court below, in holding that petitioner was excused and justified, as a matter of law, in refusing to take steps to prevent its premises from becoming disorderly, has usurped the exclusive province of the board to judge the facts, and, since the facts in mitigation were not raised or proved by petitioner, but rather affirmatively denied by it, the court has created a rule of law which would nullify completely any effective sanctions against licensees who suffered or permitted their premises to become disorderly. The court further erred in creating a new criteria of proof relating to the statutory phrase " suffer or permit ". (*Matter of Clement* [*Ruehl Certificate*], 144 App. Div. 156; *Grannan* v. *Westchester Racing Assn.,* 153 N. Y. 449; *Madden* v. *Queens Co. Jockey Club,* 296 N. Y. 249; *Matter of Fortino* v. *State Liq. Authority,* 273 N. Y. 31; *Matter of Yates* v. *Mulrooney,* 245 App. Div. 146; *Bertholf* v. *O'Reilly,* 74 N. Y. 509; *Matter of Kormann's Hofbrau* v. *O'Connell,* 275 App. Div. 930, 300 N. Y. 521; *Matter of Conomon* v. *State Liq. Authority,* 254 App. Div. 650, 278 N. Y. 591; *Purity Extract Co.* v. *Lynch,* 226 U. S. 192.)

*Melvin L. Krulewitch* and *Barnet V. Kaufman* for respondent. I. The charge did not allege sufficient grounds to constitute a violation of law nor did the evidence support such charge. (*People* v. *Grogan,* 260 N. Y. 138; *People* v. *Patrick,* 175 Misc. 997; *People ex rel. Prudhomme* v. *Superintendent of N. Y. S. Reformatory for Women,* 21 N. Y. S. 2d 563; *People* v. *Lo Vecchio,* 185 Misc. 197; *Matter of Toyos* v. *Bruckman,* 266 App. Div. 28, 291 N. Y. 745.) II. There was a failure of competent proof. (*Matter of Arnold Reuben, Inc.,* v. *State Liq.*

*Authority,* 268 App. Div. 981, 294 N. Y. 730; *Matter of Stevensville Lake Holding Corp.* v. *O'Connell,* 269 App. Div. 804; *Matter of Konopka* v. *Bruckman,* 290 N. Y. 777; *Matter of President on Swan Lake, Inc.,* v. *O'Connell,* 269 App. Div. 805; *People* v. *Rankin,* 92 Misc. 62; *Matter of Abrams* v. *Bruckman,* 263 App. Div. 593; *Matter of 54 Cafe & Restaurant* v. *O'Connell,* 274 App. Div. 428, 298 N. Y. 883.)

*Per Curiam.* In a proceeding brought under article 78 of the Civil Practice Act to review a determination of an administrative agency, it is sufficient that the record contain " substantial evidence " to support it. (See, e.g., *Matter of Humphrey* v. *State Ins. Fund,* 298 N. Y. 327, 331–332; *Matter of Miller* v. *Kling,* 291 N. Y. 65, 69.) In the case before us, ample proof was adduced before the State Liquor Authority — and it was not rendered less effective or less probative because the criminal charge based upon some of it had been dismissed in a magistrate's court (see *Matter of Cohen* v. *Board of Regents,* 299 N. Y. 582, affg. 274 App. Div. 952; *Schindler* v. *Royal Ins. Co.,* 258 N. Y. 310, 312–313; *Matter of Garvey* v. *O'Connell,* 271 App. Div. 766) — to warrant the Authority (1) in finding that the licensee actually knew or should have known, had reasonable diligence been exercised, that homosexual activities were being carried on in its premises, and (2) in concluding that such licensee had suffered or permitted the premises to become " disorderly " in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. (See *Matter of Avon Bar & Grill* v. *O'Connell,* 301 N. Y. 150, 153.)

The order of the Appellate Division should be reversed and the determination of the State Liquor Authority confirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order reversed, etc.