In the Matter of ABRAHAM B. SCHNURE, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— This is a review under article 78 of the Civil Practice Act of a determination and order of the Board of Regents suspending petitioner from the practice of dentistry for one year. Petitioner was charged with aiding and abetting one Charles Fisher, a dental mechanic and not a licensed dentist, to practice dentistry, in violation of paragraph e of subdivision 2 of section 6613 of the Education Law, during the period between May 28, 1952, and June 26, 1952. Petitioner was employed as a dentist in the office of one Dr. Bernstein, who was about to serve with the Navy. The latter's office joined the dental laboratory of Fisher, and both used a common reception room. Investigators, whose veracity has been accepted by the board, visited Fisher's office and were taken by him to petitioner. The latter performed dentistry work for them in the nature of fitting dentures but the board has found that this work was performed under the direction and control of Fisher. We think there was substantial evidence to sustain this finding. The subcommittee, before whom the charges were made, made specific findings as to the activities of Fisher and petitioner with relation to the investigators at different times and then had this to say: " We have no doubt that on at least one occasion, the respondent was present when Fisher actually put his fingers in the mouth of Investigator Klimeck. We do not rest our determination, however, on this one incident. The entire picture presented in this record clearly indicates that the respondent, for all practical purposes, was merely a tool in the hands of Fisher. The respondent fixed no fees, made no independent evaluations of the nature, kind or character of work to be done, and permitted Fisher to be the directing agent in the operation of the dental office." The Regents' Committee on Discipline, who reviewed the case and approved of the subcommittee's determination, expressed this view: " that where (as we find occurred here) a dental mechanic dictates and controls the treatment performed manually by a licensed dentist, the dental mechanic is guilty of the unlawful practice of dentistry and the dentist guilty of aiding and abetting him ". The issue of whether Fisher dictated or controlled the treatment performed by petitioner is a question of fact and since there is substantial evidence to sustain the finding of the board we are bound by it. Petitioner argues, however, that even if such dictation and control were established that this was not sufficient to prove petitioner guilty of the charge of aiding and abetting an unlicensed person in the practice of dentistry. With those arguments we do not agree, and we think the view

expressed by the Regents' Committee on Discipline correctly states the law. Since we have no power to review the extent of the disciplinary punishment imposed, we express no view on that subject. Determination and order unanimously confirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.