This is a proceeding under article 78 of the Civil Practice Act to review the determination of the State Liquor Authority which suspended petitioner’s restaurant liquor license for a period of 45 days, 20 days to be served forthwith, and the balance suspended. Two charges were made against petitioner: one that he violated subdivision 1 of section 65 of the Alcoholic Beverage Control Law during the months of August and September, 1954 in that he sold, delivered or permitted to he sold and delivered alcoholic beverages to a minor or minors; the second charge is substantially the same except the date of the violation was charged as of March 13, 1955. An exhaustive hearing was held and at the conclusion thereof both charges were sustained. The only issue before this court is whether there was substantial evidence to sustain the determination. This matter was before this court on a previous review (3 A D 2d 798), and remitted for a further hearing because of restriction of petitioner’s right of cross-examination. We find no such vice in the present record. As we read the record the testimony of the minors themselves, if accepted by the hearing commissioner, was sufficient to sustain both charges. While there are discrepancies in their testimony it was for the administrative hearing officer to pass upon the credibility of the witnesses (Matter of Radigan v. O’Connell, 304 N. Y. 396). The chief point of petitioner appears to be that no direct sale or delivery was made to any of the minors under 18 years of age, excepting one Riley. The statute however provides “ No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverage to 1. Any minor, actually or apparently under the age of eighteen years”. (Alcoholic Beverage Control Law, § 65.) The fact that one person purchased an unusually large quantity of beer in bottles should have been sufficient to put the person in charge of the premises on notice that the beer was not intended for consumption alone by the one making the purchase. Any inquiry on his part might readily have disclosed that some of the beer was intended for, and in fact consumed by minors in the party. Petitioner is bound by the rule that wherever reasonable supervision by oneself or one’s agent would discover and prevent a violation, the party charged is bound to exercise such supervision (Matter of Lynch’s Bldrs. Restaurant v. O’Connell, 303 N. Y. 408; People ex rel. Price v. Sheffield Farms Co., 225 N. Y. 25). These matters of course relate to the weight of evidence which it is not for this court to pass on. On the former appeal we said “Here, the evidence which the Authority was entitled to accept was sufficient to warrant the conclusion that the licensee knew or should have known, had reasonable diligence been exercised, that beer was being delivered to the girls.” We see no reason to alter this conclusion from the record before us on this review, nor can we find that the proceedings were conducted in an improper manner. The penalty imposed, which in reality amounts to a suspension for 20 days was not excessive. Determination confirmed, without costs.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.