John E. Cone, J.
Proceeding under article 78 of the Civil Practice Act to review the determination of respondent which suspended the petitioner’s liquor license for 10 days. Petitioner, owner of a liquor license, was charged by respondent with violation of section 65 of the Alcoholic Beverage Control Law — sale of liquor to a person actually or apparently under the influence of liquor. After a statutory hearing petitioner was found guilty of the charge and suspension of his license ordered for a period of 10 days. Since petitioner does not appeal from respondent’s determination on the basis of the sufficiency of the evidence but solely on the ground that respondent abused its discretion in imposing a measure of punishment or penalty involved in the determination, this court is limited to that issue. The fact that the criminal charge was dismissed in the Magistrate’s Court and that the Police Department License Bureau also dismissed the charge did not prohibit respondent from finding otherwise (Matter of Lynch’s Bldrs. Restaurant v. O’Connell, 303 N. Y. 408 and cases cited). Nor can those dispositions be considered on this application since petitioner has limited himself to the question raised under subdivision 5-a of section 1296 of the Civil Practice Act. As was stated in Matter of Stolz v. Board of Regents (4 A D 2d 361, 364): “ Under this statute, we now have the power to review the measure of discipline imposed by administrative agencies but this grant of power must be reasonably construed in the light of the settled principles governing the relationship between the courts and administrative agencies. Obviously, the words ‘ abuse of discretion ’ cannot reasonably be given so broad an interpretation as to allow the courts to *103 substitute their judgment, as to the appropriate measure of discipline, for that of the administrative agency. If that were done, the power of administration would, to a large extent, be transferred from the administrative agency to the courts since the measure of punishment or discipline is often the heart of the determination. We believe that, reasonably construed, the statute authorizes us to set aside a determination by an administrative agency, only if the measure of punishment or discipline imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness. * * * The usual formulation of the rule is that the award may be set aside if the excessiveness is so great as to 1 shock the sense of justice of the court ’ (Matter of City of Rochester [Smith St. Bridge], 234 App. Div. 583, 585).” It cannot be said that the punishment or penalty meted out to petitioner for the violation of which he was found guilty, meets the test in the quoted citation which would compel the court to hold that respondent abused its discretion. The application is denied, the petition dismissed and the stay vacated. Settle order on notice.