■　　In the Matter of MARION GILMER, Petitioner, v. DONALD S. HOSTETTER et al., Constituting the State Liquor Authority, Respondents. — Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Commissioners of the New York State Liquor Authority. Petitioner's restaurant liquor license has been revoked by the respondents constituting the State Liquor

Authority on a finding made after a hearing that he had allowed the licensed premises to become disorderly by permitting homosexuals to congregate therein. Two questions are presented: (a) whether there is substantial evidence to sustain the finding; (b) whether, if the finding be sustained, the penalty of revocation is too severe upon this record. Proof offered by three different investigators of the Liquor Authority of observations covering a period of six months, from September 3, 1961 to March 11, 1962, was the basis of the finding. One or the other of the 3 investigators testified to observations on 12 different occasions. Observations on each occasion were described which could reasonably be a basis for believing that there were homosexuals in the premises. On three of these dates the actions of patrons were more overtly homosexual than on others; but in total effect, and by repetition and continuance, the cumulative weight of the 12 different periods of observations suggest a regular resort by homosexuals to the licensed premises. This has been deemed a sufficient basis for finding licensed premises disorderly within Alcohol Beverage Control Law (§ 106, subd. 6; *Matter of Lynch's Bldrs. Rest.* v. *O'Connell*, 303 N. Y. 408). It is true that an isolated instance of homosexual behavior, or furtive or widely separated actions in a restaurant might well be insufficient to find the premises were permitted to be disorderly. The test is what a reasonably perceptive and alert management ought to know about the actions and behavior of its patrons. The decision of the First Department in *Matter of Stanwood United* v. *O'Connell* (283 App. Div. 79, affd. 306 N. Y. 749) is an example of a record insufficient to sustain a finding of disorder. There a police officer testified to his observations on a single instance in which he was solicited by a homosexual whom he arrested. He observed " one or two " of the other patrons who " would grab each other indecently " (p. 81). The court there annulled the revocation of license because of a failure to bring home to the licensee any responsibility for, or knowledge of, this single incident. The court noted that a finding that the licensee knowingly permitted the premises to become disorderly would have to be based " upon a showing either of more than a single event or the showing of a demonstrated attitude toward that happening which indicated acquiescence " (p. 82). There is in the record before us no proof of homosexual solicitation, as there was in *Stanwood United*; but the frequent repetition of a pattern of acts, freely observable from the bar, and on three occasions indicating overt homosexual tendencies, is in our opinion sufficient to distinguish *Stanwood United* and adequate to form a reasonable basis for holding the premises disorderly. We are unwilling on this record to determine that the punishment imposed should be less severe than that fixed by the respondents. Determination unanimously confirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.