■ In the Matter of K. P. S. RESTAURANT CORP., Respondent, v. STATE OF NEW YORK LIQUOR AUTHORITY, Appellant.— In a proceeding pursuant to CPLR article 78 to annul a determination of the State Liquor Authority, which disapproved petitioner's application to renew its restaurant liquor license and retail credit permit, the Authority appeals from a judgment of the Supreme Court, Nassau County, entered July 22, 1966, which anulled the determination and directed the Authority to grant the renewal application. Judgment reversed, on the law, without costs, proceeding dismissed and determination confirmed, without costs. The Special Term's findings of fact, if any, are not affirmed. In an article 78 proceeding, such as the one herein, to review a determination made as the result of a hearing at which evidence was taken, the court's power to review the facts is limited to a review of the penalty and to an examination of the record to ascertain whether the determination was, on the entire record, supported by substantial evidence (CPLR 7803, subds. 3, 4; *Matter of Kopec* v. *Buffalo Brake Beam, etc.*, 304 N. Y. 65, 71; *Matter of Humphrey* v. *State Ins. Fund*, 298 N. Y. 327, 332; *Matter of Lynch's Bldrs. Restaurant* v. *O'Connell*, 303 N. Y. 408). When there is conflicting testimony, "where reasonable men might differ as to whether the testimony of one witness should be accepted or the testimony of another witness be rejected, where from the evidence either of two conflicting inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon * * * [the Authority]. The courts may not weigh the evidence or reject the choice made by the * * * [Authority] where the evidence is conflicting and room for choice exists" (*Matter of Stork Restaurant* v. *Boland*, 282 N. Y. 256, 267). In our opinion, the finding and determination by the hearing officer that the licensed premises had been used for furthering prostitution and that, in the exercise of reasonable diligence, the president and sole stockholder of the petitioner should have known what was going on in the licensed premises are supported by substantial evidence. Therefore it may not be held that the Authority's determination was arbitrary or capricious, *i.e.*, without a reasonable basis, and the Authority's determination may not be set aside by the court (*Matter of Moltzen* v. *Hostetter*,

24 A D 2d 1018, affd. 18 N Y 2d 629); nor may it be held that the measure or mode of discipline imposed was an abuse of discretion (cf. *Matter of Valmitil Corp. v. State Liq. Auth.*, 25 A D 2d 951; *Matter of Olde Colony Restaurant Corp. v. State Liq. Auth.*, 26 A D 2d 580). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.