■ In the Matter of HARVEY E. STRIZAK, Petitioner, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— GABRIELLI, J. Proceeding initiated in the Appellate Division of the Supreme Court in the Third Judicial Department to review a determination of the Board of Regents which suspended petitioner's license to practice dentistry for a period of three months. The petitioner was charged "with having aided and abetted in the practice of dentistry a person who is not licensed" to so practice and "with unprofessional conduct" in permitting an unlicensed person to practice dentistry upon two named persons, in violation of paragraphs e and h, respectively, of subdivision 1 of section 6613 of the Education Law. Max Evans, concededly not a licensed dentist, is a dental mechanic employed by and who manages a dental laboratory for the petitioner herein. The record reveals that one Miriam Beck visited petitioner's office on four separate occasions and on the first visit she conferred with Evans, stating she felt she needed a new denture, whereupon he askd her to sit in the dentist's chair, removed her denture and after examining it advised her she needed a new one. He further told her it would cost $65, then took the denture to another room and returned with the old denture to which he had applied a waxy substance to test her "bite". After the test, Evans left with the denture and the petitioner then returned with it and also tested patient's bite along with Evans. She was advised to return and upon leaving was told by Evans that she would have to pay the full amount but relented and permitted her to pay $20 on account. All discussions concerning fees were had with Evans. Upon the other three visits, Evans and the petitioner examined her in the dental chair after Evans had produced the denture he had made and both had stated it would fit well. It further appears that on at least one of these occasions Evans, at the request of another witness, Rose Schoor, examined her denture and he advised her that she needed a new denture which could be supplied for $60. During the course of this examination, he ran his finger along the side of her mouth "to see how it feels inside the mouth". These events and the conduct of the petitioner as found by the State Board of Dental Examiners are violative of the provisions of sections 6601 and 6611 of the Education Law defining the practice of dentistry and containing prohibitions against unlicensed persons from performing the acts hereinabove set forth. These findings are based upon substantial evidence. (See *Matter of Tompkins* v. *Board of Regents*, 299 N. Y. 469, 474; *Matter of Schnure* v. *Board of Regents*, 283 App. Div. 985.) Additionally, petitioner urges that the acquittal of Evans of criminal charges that he unlawfully practiced dentistry on these two witnesses, requires a dismissal of the charges. The burden of proving guilt beyond a reasonable doubt required in the criminal proceeding is not the same as the proof required in a proceeding of this nature and thus the acquittal is certainly not determinative of the issues here presented (*Matter of Cohen* v. *Board of Regents*, 274 App. Div. 952, affd. 299 N. Y. 582; *Matter of Lynch's Bldrs. Rest.* v. *O'Connell*, 303 N. Y. 408, 410). Determination confirmed, without costs, and petition dismissed. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum decision by Gabrielli, J.