In the Matter of DAVID L. RUSSELL, Petitioner, v. RICHARD E. STEWART, as Superintendent of Insurance of the State of New York, Respondent.— REYNOLDS, J.  Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Superintendent of Insurance revoking, after a hearing, petitioner's insurance broker's license pursuant to section 119 of the Insurance Law and denying his application for a bail bond agent's license pursuant to section 331 of the Insurance Law.  The Superintendent of Insurance pursuant to the sections of the Insurance Law here involved is given wide discretion in licensing insurance brokers and agents (*Matter of Koster* v. *Holz*, 3 N Y 2d 639, 647–648), and thus if the Superintendent's determination is supported by substantial evidence it must be affirmed (*Matter of Lynch's Bldrs. Restaurant* v. *O'Connell*, 303 N. Y. 408).  It is conceded that petitioner's insurance agency issued false FS-1 certificates in connection with one Thermond Herring, that he failed to remit a premium in the amount of $82 on an automobile liability policy issued to one Helen Perry by the Hartford Accident and Indemnity Company and that he had been censured for three prior violations, two involving mishandling of premium accounts and one for transacting business as a bail bond agent without a proper sub-license.

On the basis of this record we cannot say that the Superintendent's finding that the petitioner had demonstrated "his incompetency and untrustworthiness to act as an insurance agent" was unwarranted. The Superintendent was not required to accept petitioner's explanation as to the cause of what befell him, particularly, that his office staff or office procedure was to blame for the false FS-1 certificates that were issued and the failure to remit the Perry premium, and, in any event, petitioner was responsible for the actions of his employees (16 Appleman, Insurance Law and Practice, § 8702; see *Matter of Cassell v. Allen,* 27 A D 2d 597; *People v. Danchak,* 24 A D 2d 685). Finally it is urged that the revocation of petitioner's license for what petitioner characterizes as "minor peccadillos" is unduly severe. Concededly, his attempts to undo the difficulties his action caused, particularly in the Perry situation, were factors in mitigation; but these were clearly considered by the Superintendent and he was not required to find that they overcame petitioner's initial irresponsibility (see *Matter of Scire v. Board of Regents,* 23 A D 2d 943). Accordingly, considering the nature of the violations and the repetition despite prior warning and censure, we cannot say that the revocation "is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness." (*Matter of Stolz v. Board of Regents,* 4 A D 2d 361, 364.) Determination confirmed, without costs, and petition dismissed. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.