Jacob Markowitz, J.
This is an application by petitioner for an order pursuant to article 78 of the CPLR vacating the order of respondent dated March 24, 1975 and for various related relief.
Petitioner is a professional horseman engaged both as an owner and trainer in the business of the purchase and sale of horses; the conduct of a riding school; and the training and showing of horses. At a show recognized by respondent a complaint was made to the American Horse Shows Association (AHSA) Show Committee charging petitioner with using training methods on the horse he entered in the show that were violative of AHSA rules. In particular, the joint complaint filed by a Mr. Arend and a Mrs. Gray, alleged that *848 petitioner had violated rule III (part I, § 7, subd [b], par 6) which prohibits the use of an electric prod in the schooling or showing of a horse. At the hearing held before the show committee petitioner denied the charges made against him and this denial was upheld when the show committee found that the evidence submitted did not support the allegations of the complaint.
From this determination the complainant, Mr. Arend, filed an appeal with the AHSA Hearing Committee in New York pursuant to part VI of rule X of the AHSA rules and regulations. The appeal was based upon the allegations of the complainant that" the show committee, because of its make-up, could not "adjudicate the issues impartially”. Upon receipt of this appeal, the hearing committee issued an order directing the show steward to submit "immediately the names, addresses, employment and other relationships (pupil, customer, etc.) of all members of the show committee, to the accused, within one year prior to June 20, 1974.” Upon receipt of this information the hearing committee found that petitioner was the owner of the Arapahoe Riding Club and that his club had sponsored the show and had provided the facilities for it. It was further discovered that a Mr. Huskinson, one member of the show committee, was a full-time employee of petitioner; that a Mrs. O’Connor, another member, was a part-time employee of petitioner and that Mrs. Biggs, the third member and chairwoman of the show committee, had a business relationship with the petitioner.
At a meeting on November 11, 1974, the hearing committee concluded that based upon the above information the protestors were not afforded an impartial tribunal as required by the AHSA rules and the proceeding before the show committee was set aside and the protest was referred to the regional committee of the association for a hearing de novo in accordance with rule X (part IV, § 3).
The hearing before the regional committee took place as scheduled. The results of these proceedings together with the recommendation of the regional committee were reported to the hearing committee which approved the recommendations.
An order was then issued by the hearing committee suspending petitioner from participating in AHSA recognized shows for a period of 90 days and directing petitioner to return certain prizes. It is as a result of this determination that petitioner brings this proceeding.
*849 It is petitioner’s contention that the suspension was not in accordance with due process, or the constitution, by-laws and rules of the AHSA.
The contention of petitioner that Mr. Arend and Mrs. Gray did not have standing to bring the protest under AHSA rules is unfounded. Rule X (part I, § 1, subd [a]) stated that "A protest may be made to a Show Committee by an Exhibitor”. It is clear that Mr. Arend was, in fact, an exhibitor at the show where the acts complained of took place. The fact that he filed an entry form for his horse subsequent to the occurence of the acts is of no moment in determining his status as an exhibitor at the time the protest was filed. Mrs. Gray had standing to maintain the protest as a result of rule III (part I, § 1, subd [b]) which states, "Every person participating in any show recognized by this Association is subject to the provisions of Rule X and XI whether or not the particular class in which he participates is operated under the Association rules”. Mrs. Gray was admittedly a participant in a recognized show and therefore subject to the provisions of rule X covering the filing of protests.
It is clear, that the AHSA has the right to promulgate reasonable rules and regulations to effectuate the purposes for which the corporation was formed (Not-for-Profit Corporation Law, §202, subd [16]). There can be no doubt that rule III (part I, § 7, subd [b], par 6) which petitioner allegedly violated is reasonable and does promote the purpose of the AHSA. The rule provides:
"Sec. 7. Cruelty
"(a) Cruelty to or the abuse of a horse by any person at a Recognized Show is forbidden, constitutes a violation under Rule XI, and renders the offender subject to penalty. * * *
"(b) The following acts are included under the words 'Cruelty’ and 'Abuse’ but are not limited thereto:
"6. Use of electric device in schooling or showing.”
The protest filed was in conformity with all rules of the AHSA.
The determination of the hearing committee that the protestors did not have an impartial forum was properly within their reviewable functions (rule X, part IV, § 1). Upon such determination the hearing committee acted properly in referring the protest for a rehearing before the regional committee (rule X, part IV, § 3; also cf. Dennehy v American Horse *850 Shows Assn. Inc., Special Term, Part I, Feb. 5, 1975, Saypol, J.).
The determination by the hearing committee to accept the recommendations of the regional committee were neither arbitrary nor capricious and were clearly within the guidelines set forth by section 3 of part IV of rule X.
The hearing committee based its determination upon credible evidence. While there was conflicting testimony as to the guilt of petitioner, the decision of the hearing committee to believe the evidence submitted by the protestors as opposed to that submitted by petitioner, is not reviewable by this court (Matter of Pell v Board of Educ., 34 NY2d 222; Matter of K. P. S. Rest. Corp. v State of N. Y. Liq. Auth., 26 AD2d 839, affd 19 NY2d 719).
Upon a finding that the petitioner was guilty of violating the AHSA rules, the hearing committee was empowered to impose sanctions ranging from censure, fines, forfeiture of trophies, ribbons and prize money, and suspension to complete expulsion from membership (rule XI, § 3).
The imposition of a 90-day suspension coupled with an order directing the return of the prizes won at the show where the violations occurred, was not so harsh as to be deemed an abuse of discretion so as to allow review under CPLR 7803 (subd 3). Absent such a determination this court cannot substitute its judgment for that of respondents in determining the severity of the penalties imposed (Leyer v American Horse Shows Assn., 27 AD2d 655).
Accordingly, the application of petitioner is denied in all respects and the petition is dismissed.