Jasen, J.
(dissenting). The scope of our review on this appeal is limited to whether the determination of the State Liquor Authority is supported by substantial evidence. The Authority found that petitioner violated subdivision 6 of section 106* of the Alcoholic Beverage Control Law "in that it suffered or permitted the licensed premises to become disorderly on July 27, 1972, September 1, 1972, October 5, 1972 and October 13, 1972 in that it suffered or permitted lewd and indecent performances thereon.” The evidence discloses, and the petitioner concedes, that on the September and October dates mentioned, female entertainers, while dancing on stages in the licensed restaurant, disrobed, and continued to dance in the nude. In addition, two patrons of the licensed premises testified that on July 27, 1972, they observed four females performing dances in various stages of undress — two topless and two who completely disrobed while dancing and while nude continued to dance. One of the dancing performers took off her brassiere and handed it to a male seated at the bar, and then took off her "G-string” and also handed it to him. She continued her dance by gyrating while lying on the platform with her legs spread. "Besides the pubic area,” one of the patrons testified, "you could see more beyond than just the pubic area.” The witness also testified, "[s]he was wiggling her hips, and gyrating, and she had her knees up at the time, you *863 know, knees bent upward * * * Lying on her back and on her side.”
Upon this evidence, the hearing officer found “such entertainment indecent,” and the Authority, in adopting the hearing officer’s findings, sustained the charge that the petitioner "suffered or permitted the licensed premises to become disorderly”.
Our court has repeatedly and consistently held that the Authority’s determination should be sustained so long as it is supported by substantial evidence in the entire record. (Matter of Gitlin v Doyle, 30 NY2d 909; Matter of Club 95 v New York State Liq. Auth., 23 NY2d 784; Matter of Avon Bar & Grill v O’Connell, 301 NY 150.) Similarly, it has long been held that sexual acts and performances may constitute disorderly behavior within the meaning of the Alcoholic Beverage Control Law. (Matter of Cambridge Pub. v State Liq. Auth., 27 NY2d 625; Matter of Lynch’s Bldrs. Rest. v O’Connell, 303 NY 408; Matter of Gilmer v Hostetter, 20 AD2d 586.)
Bearing these principles in mind, I would hold that there is substantial evidence in the record to sustain the Authority’s determination. Can there be any doubt that a performance by nude females, gyrating and wiggling while lying on the platform with knees bent upward and legs spread exposing their pubic area, constitutes substantial evidence of indecent entertainment and disorderly behavior in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law? The Authority, in sustaining the charge against the petitioner, found "such entertainment indecent”. The record, as a whole, supports this finding. (Matter of Stork Rest. v Boland, 282 NY 256, 266-267; Matter of McCormack v National City Bank, 303 NY 5, 9; Matter of Mead-Malone v New York State Liq. Auth., 40 AD2d 632.) To hold, as the majority does, that “there are insufficient findings by the agency” exalts form over substance and nullifies completely effective sanctions against a licensee who suffered or permitted its premises to become disorderly.
In light of all the evidence appearing in the record before us, I cannot agree with the majority that the Authority’s determination of the conduct found to be disorderly is without any basis and is arbitrary. (Matter of K. P. S. Rest. Corp. v State of N. Y. Liq. Auth., 26 AD2d 839, affd 19 NY2d 719.) I adhere to the view that “[t]he judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the [Authority],” as there is here. (Rochester Tel. *864 Corp. v United States, 307 US 125, 146; Mississippi Val. Barge Co. v United States, 292 US 282, 286-287.) Moreover, there is involved here the kind of conduct properly subject to regulation by the Authority as a phase of liquor licensing.
I would affirm the order of the Appellate Division.
Chief Judge Breitel and Judges Jones, Wachtler and Fuchsberg concur in memorandum; Judge Jasen dissents and votes to affirm in an opinion in which Judge Gabrielli concurs; Judge Cooke taking no part.
Judgment reversed, without costs, and the determination of the State Liquor Authority annulled.

 Subdivision 6 of section 106 of the Alcoholic Beverage Control Law provides: "No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises, or suffer or permit such premises to become disorderly.”