(December 10, 1990)

■ JACQUES ALEXANDRE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 71415.)—In a claim for damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, the claimant appeals from a judgment of the Court of Claims (Weisberg, J.), dated April. 7, 1989, which, after a nonjury trial, is in favor of the State of New York and against him.

Ordered that the judgment is affirmed, with costs.

In June 1983 the claimant was convicted of criminal possession of a weapon in the third degree stemming from the discovery of a nine-millimeter pistol beneath the counter behind which he was standing at the grocery store where he worked. He was incarcerated pursuant to the conviction, but the conviction was reversed by this court on the ground that the circumstantial evidence presented by the People did not exclude alternate reasonable explanations for the presence of the gun consistent with the defendant's innocence *(see, People v Alexander,* 111 AD2d 177). The defendant was released from prison on May 20, 1985.

In August 1985 the claimant brought the instant claim, and after a nonjury trial, judgment was entered in favor of the State. We now affirm.

It was the claimant's burden to prove that he was innocent of the underlying charge by clear and convincing evidence *(see,* Court of Claims Act § 8-b [5]). Contrary to the claimant's contentions, the proof he submitted, being equivocal and open to opposing inferences, did not meet his burden of proof.

In view of our determination, we need not address the other contentions raised by the claimant. Lawrence, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.