■ RICHARD P. TARAN et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 69690.)—In a claim to recover damages for personal injuries, etc., the State of New York appeals from an interlocutory judgment of the Court of Claims (McCabe, J.), dated August 12, 1991, which, after a nonjury trial, is in favor of the claimants and against the State of New York on the causes of action to recover damages for assault and battery, and the claimants cross-appeal from so much of the interlocutory judgment as, in effect, dismissed their cause of action to recover damages for negligent training and supervision.

Ordered that the interlocutory judgment is affirmed, without costs or disbursements.

On July 30, 1983, the claimant Richard Peter Taran was shot in the head by New York State Police Trooper Christopher Faure. The only issue before the Court of Claims was whether Trooper Faure was justified in the use of deadly physical force. At the time of the bifurcated trial on the issue of liability, Taran had retrograde amnesia and no recall of any of the events preceding his injury in the early morning hours of July 30, 1983. According to the testimony of the only witnesses present, Trooper David Douglas and Trooper Christopher Faure, Taran was driving alone in his 1971 Triumph

Spitfire, a convertible two-seater sports car, with the top down. Sometime between 2:00 A.M. and 2:30 A.M., while driving in the Village of Wappingers Falls, he attracted the attention of the two New York State Police Troopers in a police vehicle driven by Trooper Douglas.

Because Taran's vehicle was "weaving", Trooper Douglas chased Taran's vehicle, reaching speeds varying between 40 and 70 miles per hour. The police vehicle overtook the Taran vehicle by passing it on the left. Trooper Douglas then slammed on the brakes, turning the police vehicle at an angle across both lanes of traffic. Taran's vehicle also stopped. Trooper Faure left the police vehicle, positioned himself four to five feet behind Taran's vehicle, which was four feet eight inches wide, and ordered Taran to get out of the car. Faure stated that he felt no fear of Taran at that time. When there was no response from Taran, Trooper Faure repeated the command. According to Trooper Faure, Taran then turned his head to the right and made eye contact. Taran then turned forward, and, according to Faure, he saw Taran's right shoulder and upper arm move and yelled "Get out of the car". Trooper Faure next observed Taran's vehicle coming straight back towards him, and fired one shot at Taran. At the trial, expert testimony was elicited that, at the time of the incident, Taran's vehicle was probably traveling at 1.8 miles per hour.

Trooper Faure testified that Taran was attempting to kill him by running him over and that he, being in fear of his life, fired his weapon to kill Taran. After the shot was fired, Taran's vehicle slowed down but did not stop. Meanwhile, Trooper Faure moved to the left and out of the way of the vehicle, remaining in a standing position. Taran's vehicle then began to roll straight backwards off the roadway, and came to rest against a tree.

The State's argument that the Court of Claims erred in ruling that the State did not meet its burden of proof as to justification is without merit. The court's written decision makes it clear that its determination that Trooper Faure's belief that deadly physical force was necessary was unreasonable in view of the circumstances, was a conclusion drawn from the evidence presented by both parties. This Court will not disturb the trial court's findings and determinations unless they are against the weight of the evidence or contrary to law (see, Vizzari v State of New York, 184 AD2d 564; Schock v State of New York, 168 AD2d 491; Ahnert v State of New York, 127 AD2d 927). A trial court's resolution of questions of credibility is particularly within its domain and should not be

disturbed on appeal if supported by the record *(see, Vizzari v State of New York, supra; Hanna v State of New York,* 152 AD2d 881). Moreover, we note, as the State concedes on appeal, that the court properly identified the two-step analysis set forth in *People v Goetz* (68 NY2d 96, 112-115), to determine whether deadly physical force was justified under the circumstances of this case *(see also, People v Wesley,* 76 NY2d 555, 559). Based upon our review of the court's decision, we cannot agree that it failed to consider sufficiently the relevant objective factors to determine the reasonableness of the Trooper's decision to use deadly force in this case.

We have reviewed the claimants' contention on the cross appeal and find it to be without merit. Eiber, J. P., Ritter, Pizzuto and Santucci, JJ., concur.