■ VINCENT RIVERS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 77158.) [609 NYS2d 253] —In a claim for damages for wrongful conviction and imprisonment pursuant to Court of Claims Act § 8-b, the claimant appeals from a judgment of the Court of Claims (Weisberg, J.), entered October 22, 1991, which, after a nonjury trial, is in favor of the State of New York dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

In 1978, the claimant was indicted on charges of murder in the second degree and criminal possession of a weapon in the second degree in connection with the September 16, 1978, shooting of Douglas Reid, Jr. The claimant was tried a total of five times for the crimes charged in the indictment. The claimant's first and third trials ended in mistrials. His second and fourth trials ended in convictions which were subsequently reversed on appeal on the grounds of prejudicial trial errors. At the conclusion of a fifth trial in July 1986, the claimant was acquitted. He thereafter brought this claim for damages pursuant to Court of Claims Act § 8-b alleging that he had been wrongly convicted of and imprisoned for the crimes of murder in the second degree and criminal possession of a weapon in the second degree. Following a trial, the Court of Claims dismissed the claim concluding, *inter alia,* that the claimant had presented insufficient evidence to establish that he was innocent of criminal possession of a weapon in the second degree as charged in the indictment. We now affirm.

In order to obtain a judgment in his favor pursuant to Court of Claims Act § 8-b, it was the claimant's burden to prove, by clear and convincing evidence, that "he did not commit any of the acts charged in the accusatory instrument" (Court of Claims Act § 8-b [5] [c]; *Alexandre v State of New York,* 168 AD2d 472). The trial court's conclusion that the claimant failed to present sufficient evidence to establish that he had not criminally possessed a weapon on the date of the shooting is neither against the weight of the evidence nor contrary to law. Accordingly, we decline to disturb it *(see, Taran v State of New York,* 186 AD2d 794; *Vizzari v State of New York,* 184 AD2d 564).

In light of our determination, we need not address the parties' remaining contentions. Balletta, J. P., Pizzuto and Krausman, JJ., concur.

Friedmann, J., dissents and votes to reverse the judgment, reinstate the claim, and remit the matter to the Court of Claims for a trial on the issue of damages.

I dissent on the ground that there is no admissible evidence linking the claimant to possession of a weapon of any description—let alone the murder weapon—on the evening of the crime. Since it was impossible for the claimant to disprove an allegation of which there was no proof in the first instance, I would reverse the judgment, reinstate the claim, and remit the matter to the Court of Claims for a trial on the issue of damages.