■ MICHBI DOORS, INC., Appellant, v MERRITT-MERIDIAN CONSTRUCTION CORP., Respondent, et al., Defendants. (Action

No. 1.) MICHBI DOORS, INC., Plaintiff, v LMT STEEL PRODUCTS, INC., Defendant. (Action No. 2.) MERRITT-MERIDIAN CONSTRUCTION CORP., Respondent, v MICHBI DOORS, INC., et al., Appellants. (Action No. 3.) [621 NYS2d 906] —In an action to foreclose a mechanic's lien (Action No. 1), and two related actions, Michbi Doors, Inc. and International Fidelity Insurance Company appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Rockland County (Charde, J.H.O.), dated October 14, 1992, as, after a nonjury trial, (1) is in favor of Merritt-Meridian Construction Corp. and against them in the principal sum of $69,206.80 plus costs and disbursements of $2,237, for a total award of $71,443.80 in Action No. 3, and (2) is in favor of Merritt-Meridian Construction Corp. and against Michbi Doors, Inc., dismissing the complaint in Action No. 1.

Ordered that the judgment is modified, on the law, by deleting from the third decretal paragraph thereof the sums of $69,206.80 and $71,443.80 and substituting therefor the sums of $57,686.80 and $59,923.80 respectively, and deleting from the fourth decretal paragraph thereof the sum of $71,443.80 and substituting therefor the sum of $59,923.80; as so modified, the judgment is affirmed insofar as appealed from, with costs to Merritt-Meridian Construction Corp.

The plaintiff Michbi Doors, Inc. (hereinafter Michbi), was a subcontractor of the defendant Merritt-Meridian Construction Corp. (hereinafter Merritt) which had been hired for the removal and installation of doors and attendant hardware in connection with a project for the Clarkstown School District. After contractual relations broke down, Michbi commenced Action No. 1 against Merritt to foreclose a mechanic's lien filed pursuant to the subcontract. In its counterclaim Merritt asserted that it did not owe Michbi any money and that, in fact, it was entitled to damages for both defective workmanship and delays caused by Michbi. Merritt also commenced a separate action (Action No. 3) against Michbi and International Fidelity Insurance Company (hereinafter IFIC) which issued bonds guaranteeing Michbi's performance under its subcontract. In Action No. 3 Merritt alleged a cause of action which essentially mirrored its counterclaim in Action No. 1. At the conclusion of a nonjury trial the Judicial Hearing Officer (hereinafter JHO), awarded judgment in favor of Merritt, both on its counterclaim in Action No. 1 and its complaint in Action No. 3, in the principal sum of $69,206.80.

Contrary to the appellants' contention, the determination of

the JHO that Michbi breached its subcontract agreement with Merritt and is therefore liable for the damages occasioned by that breach is supported by the weight of the credible evidence, and represents a reasonable assessment of the evidence, giving due consideration to the JHO's advantage of having seen and heard the witnesses (see, *Taran v State of New York,* 186 AD2d 794; *Vizzari v State of New York,* 184 AD2d 564). Thus, that determination shall not be disturbed on appeal.

However, we agree with the plaintiff's contention that the court's award of damages should be reduced by $11,520, since the record does not contain sufficient evidence to support a finding that the Clarkstown School District received credits, reducing the price of its contract with Merritt, as a result of Michbi's breach of its subcontract.

The appellants' remaining contention is without merit. Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.