■ DELANO TAYLOR, Appellant, v STATE OF NEW YORK, Re-, spondent. [698 NYS2d 294] —In a claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, the claimant appeals from a judgment of the Court of Claims (Nadel, J.), dated October 21, 1998, which dismissed the claim.

Ordered that the judgment is affirmed, without costs or disbursements.

The claimant brought suit pursuant to Court of Claims Act § 8-b alleging that he was unjustly convicted and imprisoned, after six years incarceration based on a criminal conviction which was reversed on appeal. Upon retrial of the criminal action the appellant was acquitted. At the trial of his claim, the claimant testified that he was at work on the night of the crime and he presented alibi witnesses to support his story. The State proffered the prior identification testimony of the victim of the crime.

The credibility of the alibi witnesses and the veracity of their testimony was a matter for consideration by the trier of fact. The alibi witnesses testified that the claimant was present in a certain candy store on the day of the shooting which occurred at a butcher shop. However, their recollections of an otherwise unremarkable day 16 years earlier were based on the fact that the claimant always worked in the candy store on weekends, rather than on specific memories that he was there on that particular Saturday in December 1981. Notwithstanding the requirement under Court of Claims Act § 8-b that due consideration be given to the passage of time and its effect on the memories of witnesses, it cannot be said that the claimant satisfied his burden of proof. Therefore, the Court of Claims correctly determined that this evidence failed to meet the standard of clear and convincing proof of innocence required by the statute (*see, Alexandre v State of New York,* 168 AD2d 472). Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.