■ TYRONE GROCE, Appellant, v STATE OF NEW YORK, Respondent. [709 NYS2d 408] —In a claim to recover damages for

unjust conviction. and imprisonment pursuant to Court of Claims Act § 8-b, the claimant appeals from a judgment of the Court of Claims (Marin, J.), dated January 27, 1999, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

Pursuant to Court of Claims Act § 8-b, any person convicted and subsequently imprisoned for one or more felonies or misdemeanors may present a claim against the State, provided, *inter alia*, that the claimant proves, by clear and convincing evidence, that he or she "did not commit any of the acts charged in the accusatory instrument" (Court of Claims Act § 8-b [5] [c]; *Torres v State of New York,* 228 AD2d 579, 580; *Paris v State of New York,* 202 AD2d 482, 483; *see also, Reed v State of New York,* 78 NY2d 1, 8). The requirements of the statute are to be strictly construed (*see, Reed v State of New York, supra*; *Chalmers v State of New York,* 246 AD2d 620; *Torres v State of New York, supra*; *Fudger v State of New York,* 131 AD2d 136, 140).

Contrary to the claimant's contention, the trial court's determination that he failed to prove his innocence by clear and convincing evidence was not against the weight of the evidence (*see, Taylor v State of New York,* 266 AD2d 385; *Rivers v State of New York,* 202 AD2d 565; *Taran v State of New York,* 186 AD2d 794; *Vizzari v State of New York,* 184 AD2d 564; *Alexandre v State of New York,* 168 AD2d 472). Resolution of questions of credibility is particularly within the domain of the trier of fact and should not be disturbed on appeal if supported by the record (*see, Taran v State of New York, supra*, at 795-796; *Vizzari v State of New York, supra*).

The claimant's remaining contention is without merit. Santucci, J. P., McGinity, Luciano and Schmidt, JJ., concur.