■ TERRANCE M. MURNANE, Appellant, v STATE OF NEW YORK, Respondent. [733 NYS2d 123] —In an claim to recover damages pursuant to Court of Claims Act § 8-b, the claimant appeals from a judgment of the Court of Claims (Ruderman, J.), dated June 12, 2000, which, after a nonjury trial, dismissed his claim.

Ordered that the judgment is affirmed, with costs.

Following the reversal of his murder conviction due to legally insufficient evidence after serving 5½ years' imprisonment, the claimant brought this claim pursuant to Court of Claims Act § 8-b, alleging unjust conviction and imprisonment (*see, People v Murnane,* 182 AD2d 646). Although the claimant presented an alibi defense and supporting witnesses, he did not unequivocally account for his whereabouts during the critical window of time when the murder occurred. Also, the credibility of the alibi witnesses and the veracity of their testimony is a matter for consideration by the trier of fact (*see, Robinson v State of New York,* 228 AD2d 52). Here, the claimant evaded police for three days after he was told they wanted to question him in connection with the murder and made a statement to police investigators bordering on an admission. Thus, the claimant's own conduct affirmatively contributed to his conviction.

Accordingly, the Court of Claims properly determined that

the claimant failed to demonstrate by clear and convincing evidence that he was innocent and that his conduct was not a contributing factor in his conviction of the crimes charged in the indictment (*see, Taylor v State of New York,* 266 AD2d 385). Altman, J. P., H. Miller, Feuerstein and Cozier, JJ., concur.