Williams v State of New York
2026 NY Slip Op 03472
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Shawn Williams, appellant,
v
State of New York, respondent. (Claim No. 132581)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2022-03537, 2025-12485
Angela G. Iannacci, J.P.
Lara J. Genovesi
Carl J. Landicino
Laurence L. Love, JJ.

David B. Shanies Law Office LLC (Deborah I. Francois and White & Case LLP, New York, NY [Samuel P. Hershey and Wyatt Smith], of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Andrea W. Trento of counsel), for respondent.

[*1]
DECISION & ORDER
In a claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, the claimant appeals from (1) a decision of the Court of Claims (Jeannette Rodriguez-Morick, J.), dated March 10, 2022, and (2) a judgment of the same court dated March 28, 2022. The judgment, upon the decision, made after a nonjury trial, is in favor of the defendant and against the claimant dismissing the claim.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The claimant was implicated in a murder, which occurred just after midnight, on July 9, 1993, in the lobby of an apartment building located in Brooklyn. The claimant was identified as the gunman by Margaret Smith-Leddy, a resident of the building. The claimant was indicted by a grand jury on, inter alia, one count of murder in the second degree. Following a criminal jury trial, the claimant was found guilty of murder in the second degree and sentenced to a term of imprisonment of 25 years to life.
In 2014, Smith-Leddy signed an affidavit recanting her trial identification. Thereafter, the claimant moved pursuant to CPL 440.10 to vacate the judgment of conviction. In 2018, the Supreme Court, Kings County, granted the motion and vacated the judgment of conviction.
Thereafter, the claimant commenced this claim against the State of New York to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b arising out of the vacatur of the judgment convicting him of murder in the second degree. After a nonjury trial, the Court of Claims entered a judgment in favor of the State and against the claimant dismissing the claim. The claimant appeals.
"The Legislature enacted Court of Claims Act § 8-b in 1984 to allow innocent persons to recover damages from the state where they can prove by clear and convincing evidence that they were unjustly convicted and imprisoned" (Long v State of New York, 7 NY3d 269, 273; see Cooper v State of New York, 236 AD3d 749, 749). To succeed on the claim, the claimant must prove, by clear and convincing evidence, (a) that he has been convicted or one or more felonies or misdemeanors and sentenced to a term of imprisonment, which he had served all or part of; (b) that he has been pardoned or his judgment of conviction has been vacated upon an enumerated ground; (c) that he did not commit any of the acts charged in the accusatory instrument; and (d) that he did not by his own conduct cause or bring about his conviction (see Court of Claims Act § 8-b[5][a]-[d]; see also Tuckett v State of New York, 44 NY3d 432, 436; Warney v State of New York, 16 NY3d 428, 434).
Clear and convincing evidence is "a higher, more demanding standard than the preponderance standard" (People v Britton, 31 NY3d 1019, 1024 [internal quotation marks omitted]). "[T]o meet [his or] her burden of presenting clear and convincing evidence of [his or] her innocence, [a claimant must] demonstrate that the evidence makes it highly probable that what [he or she] claims is what actually happened with said evidence being neither equivocal nor open to opposing presumptions" (Serrano v State of New York, 244 AD3d 777, 778 [internal quotation marks omitted]).
Here, giving due deference to the Court of Claims's assessment of witness credibility, the record supports the dismissal of the claim on the ground that the claimant failed to establish, by clear and convincing evidence, that he did not commit any of the acts charged in the accusatory instrument (see Court of Claims Act § 8-b[5][c]). Even assuming the authenticity of the claimant's alibi evidence, that evidence established that he was in Reading, Pennsylvania, on July 2, 1993, and July 11, 1993. The claimant's evidence and witness testimony did not unequivocally account for his whereabouts on July 9, 1993, or during the critical window of time when the murder occurred (see Murnane v State of New York, 288 AD2d 277, 277). Moreover, the claimant and alibi witness testimony established that the claimant and his two associates traveled back and forth between New York and Reading during those periods of time selling drugs in Pennsylvania. The testimony was contradictory, and both the claimant and witness lacked specific recollection of dates and details. Therefore, the record supports the court's finding that the testimony was insufficient to establish the claimant's alibi by clear and convincing evidence (see id.; Morales v State of New York, 183 Misc 2d 839, 849 [Ct Cl], affd 282 AD2d 245).
Further, contrary to the claimant's contention, the record supports the Court of Claims's finding that Smith-Leddy's testimony was incredible (see Tuckett v State of New York, 222 AD3d 1348, 1351, affd 44 NY3d 432). Though Smith-Leddy recanted, citing multiple reasons why her original identification was false, her testimony at trial was inconsistent and her reasons for doing so appeared to be based in fear and exasperation, rather than her actual belief that she testified falsely. Similarly, the record supports the court's finding that the claimant's expert on identification was unpersuasive. Though the claimant's expert was instructive in explaining how an observer's view of a person at night and from a distance can adversely impact identification and memorization, he failed to review any of Smith-Leddy's testimony, speak to her separately, visit the site of the identification, or take his own measurements. Thus, while Smith-Leddy's identification is weakened by the expert's testimony, it fails to establish that the claimant's innocence is highly probable.
Accordingly, the Court of Claims correctly determined that the claimant's evidence failed to meet the standard of clear and convincing proof of innocence required by the statute and properly dismissed the claim (see Murnane v State of New York, 288 AD2d at 278; Taylor v State of New York, 266 AD2d 385, 385).
The claimant's remaining contentions are without merit.
IANNACCI, J.P., GENOVESI, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court