In the Matter of DONALD E. ROBINSON, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 28, 1979

### APPEARANCES OF COUNSEL

*David E. Brennan (Gerard M. La Russo* of counsel), for petitioner.

*David Povich* and *Donald E. Robinson, Jr., pro se,* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted by order of the Appellate Division, Fourth Department on February 16, 1972. He maintains an office for the practice of law in Rochester.

The misconduct of respondent alleged in the petition and established at the hearing is detailed in the chronological account in the report of the hearing officer, Honorable DANIEL J. DE PASQUALE, J. C. C. These factual findings are fully supported by the record and respondent concedes their accuracy. Accordingly we adopt them. The misconduct may be briefly summarized as follows:

In December, 1975 and January and February, 1976 respondent, then an Assistant United States Attorney charged with the responsibility of prosecuting felonies in the District of Columbia, agreed, in return for the promise of money, to supply confidential information and to give assistance with respect to criminal cases pending in the United States Attorney's office to persons who he believed to be members of organized crime. Respondent held telephone conversations with such persons pertaining to two specific cases and to how he might be of assistance in other cases. On two occasions respondent met secretly at an undercover "fence" operation with such persons (actually members of the Washington, D.C. metropolitan police and the F.B.I. posing as mobsters). On the first occasion respondent discussed how he might be helpful and how much he would be paid for his assistance. He accepted $200 which he spent for personal purposes. He agreed to provide and later did provide information with respect to a criminal case which his office had handled. On the second occasion respondent gave confidential information with respect to another pending criminal matter including secret information concerning a forthcoming report of the Grand Jury and described how he might help in the future course of the prosecution. He was offered $100 which he refused. He asked for and received $500 which he used for his own benefit.

Respondent made incomplete and inaccurate reports to the United States Attorney's office concerning his initial contacts with persons whom he believed to be organized crime figures and, in particular, he omitted any reference to the person who was the link to such contacts, a female witness in a criminal case which he had prosecuted. Respondent in filing a supposedly complete written report at the request of Justice Department officials made false and misleading statements and again omitted any reference to such female witness. Respondent was arrested in February, 1976 and charged with bribery and obstruction of justice. He was acquitted of the charges in October, 1976.[1]

Respondent is guilty of violating Code of Professional Responsibility, DR 1-102 (subd [A], pars [3], [4], [6]), "Miscon-

1. The acquittal on the criminal charges is no bar to charges that respondent violated various disciplinary rules based on the same transactions underlying the criminal charges. (See *People ex rel. Dowdy v Smith,* 65 AD2d 285 and cases cited therein; see, also, *Matter of Schneidkraut,* 231 App Div 109.)

duct", DR 4-101, "Preservation of Confidences and Secrets of a Client", DR 8-101 (subd [A]), "Action As A Public Official", and DR 9-101 (subd [C]), "Avoiding Even the Appearance of Impropriety".

We reject respondent's plea of entrapment. The investigation of respondent was not undertaken for the purpose of "implanting in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that" respondent might be prosecuted criminally. *(Sorrells v United States,* 287 US 435, 442; see *Sherman v United States,* 356 US 369, 372; *United States v Russell,* 411 US 423, 435-436.) The initial purpose of the investigation by his superiors was to test respondent's honesty and his loyalty to his oath of office as an Assistant United States Attorney—an entirely legitimate purpose in view of the reports that respondent had deliberately scuttled a criminal prosecution and that he might be susceptible to bribe offers by criminal elements.[2] It was not until January 19, 1976, after respondent had filed the false written report which omitted any reference to the female witness and to the numerous contacts that he had had with the "organized crime figures" after his report of the first conversation, that a formal criminal investigation was commenced.

Furthermore, respondent, an experienced and capable prosecutor, was clearly not an "unwary innocent" who was corrupted and motivated to follow a criminal path solely by the persuasion and deceitful actions of government officials. (See *Sherman v United States, supra,* p 372; *Sorrells v United States, supra,* pp 441-445.)

We find that respondent's deliberate decision to do business with criminal elements for the promise of money in violation of his oaths and obligations as attorney and public officer was the product of his own volition not governmental action. The prosecutor who has ignored his oath and accepted a bribe cannot charge his misconduct to the government officials who tempted him without conceding his inherent corruptibility.

Respondent is guilty of misconduct involving a breach of that duty which is at the very heart of the lawyer-client relationship—the lawyer's duty of undivided loyalty to his

---

2. In this respect, the case is similar to *People v Archer* (68 AD2d 441). We reject respondent's argument based on *People v Isaacson* (44 NY2d 511) that the charges should be dismissed for prosecutorial misconduct.

client.[3] Further, he is guilty of a breach of the trust placed in him as a public official and prosecutor and violations of his oath of office of a most grievous nature.

Respondent's motion to dismiss the charges should be denied. To the extent that it is consistent with this opinion, we adopt and confirm the report of the Referee. Respondent should be disbarred.

CARDAMONE, J. P., SIMONS, HANCOCK, JR., DOERR and MOULE, JJ., concur.

Order of disbarment entered.

---

3. The Professional Code of Responsibility, EC 5-1 states: "The professional judgment of a lawyer should be exercised, within the bounds of the law, *solely for the benefit of his client and free of compromising influences and loyalties. Neither his personal interests, the interests of other clients, nor the desires of third persons should be permitted to dilute his loyalty to his client*". (Emphasis added.) (See McKinney's Cons Laws of NY, Book 29, Judiciary Law, EC 5-1, p 438, n 1 and cases cited therein.)