*5
 
 OPINION OF THE COURT
 

 Kaye, J.
 

 In this first appeal to reach us under Court of Claims Act § 8-b, the State seeks to set aside claimant’s damages award for her unjust conviction and imprisonment. Concluding that claimant has failed to satisfy the explicit statutory requirement of clear and convincing proof that she did not commit any of the acts with which she was charged, or that her acts were not crimes, we reverse the award and dismiss the claim.
 

 I.
 

 This case arises from a fatal shooting that occurred in a Mount Vernon bar almost 20 years ago. Claimant was convicted of first degree manslaughter and possession of a weapon as a felony in connection with that shooting, and the Appellate Division affirmed her conviction, without opinion (45 AD2d 934). Upon further appeal, this Court reversed the conviction for legal insufficiency and dismissed the indictment (40 NY2d 204).
 

 As we noted in our decision, the only items of evidence connecting claimant with the shooting were a pocketbook containing a rent receipt in her name found in the bar’s kitchen, and the testimony of a barmaid who was on duty the night of the shooting. The prosecution called the barmaid as a witness, but had her declared hostile after her trial testimony varied from a prior written statement. Ultimately, the prosecution argued that the jury should accept the barmaid’s testimony that claimant had indeed shot the decedent, but reject her testimony that at the time of the shooting the decedent was approaching claimant with an open razor in his hand. The prosecution contended that justification for the killing was contradicted by the fact that a razor was found not in the decedent’s hand but in his pocket wrapped in dollar bills, as well as by the angle of the bullet and a spent shell found near the bar.
 

 The barmaid’s testimony, we concluded, did not amount to proof of claimant’s guilt beyond a reasonable doubt. In reaching that conclusion, we noted that the barmaid’s testimony was partly exculpatory, as it provided a description of circumstances constituting a justification defense. We acknowledged the general rule that a party in a civil action can contradict its witness, but held it "at the very least a questionable situation where a prosecution witness, put upon the stand to
 
 *6
 
 testify to the circumstances of a shooting, is contradicted by the prosecutor in almost every facet of her testimony — save one.” (40 NY2d, at 208.) Invoking our power to review the record as a whole to determine whether guilt had been sufficiently established as a matter of law, we concluded that the People, in attempting to disprove the possible justification defense by attacking that portion of the barmaid’s testimony, had failed to prove claimant’s guilt beyond a reasonable doubt. We therefore reversed claimant’s conviction and dismissed the indictment.
 

 At the time of her release, claimant had spent three years and eight months in prison, and been paroled.
 

 Some years later, a bill was passed that would have conferred jurisdiction on the Court of Claims to hear claimant’s claim against the State for damages sustained as a result of erroneous conviction and imprisonment. At the time, individual bills were the only mechanism for bringing such claims. The Governor, however, vetoed the bill, and several like it, on the ground that they represented an ad hoc approach to a recurrent issue, and that there should instead be systematic redress for such cases (1983 NY Legis Ann, at 456). The Governor indicated in his veto message that he had referred the matter for study to the Law Revision Commission. Court of Claims Act § 8-b, effective December 21, 1984, is the product of that study.
 

 Claimant then presented her claim under the statute, and the State sought dismissal. The Court of Claims denied the State’s motion and granted summary judgment for claimant on the issue of liability, reasoning that — since this Court had dismissed the indictment, concluding that there was insufficient proof for a new trial — claimant retained the presumption of innocence and thus had met her burden of proof.
 

 Noting that claimant suffers from amnesia about the shooting, the Appellate Division held that under the "unusual circumstances of this case, as demonstrated by the evidence in the record, and giving due consideration to the various extraordinary factors not caused by the claimant which present difficulties in presenting proof of her claim, we find that the claimant has demonstrated a high probability that she did not commit the acts charged or that her acts did not constitute a crime.” (133 AD2d, at 111.) Following that affirmance, a trial on damages was held, and judgment entered for claimant. We subsequently granted leave, bringing up for review the prior nonfinal order of the Appellate Division, and now reverse.
 

 
 *7
 
 II.
 

 Under Court of Claims Act § 8-b (2), any person convicted and subsequently imprisoned for one or more felonies or misdemeanors the claimant did not commit may present a claim for damages against the State. In order to "present” her claim, the claimant was required by statute to establish by documentary evidence that she was convicted and served all or any part of the sentence imposed, that her conviction was reversed and the accusatory instrument dismissed, and that her claim was timely (Court of Claims Act § 8-b [3]). The State does not contend that claimant has failed to satisfy any of these preliminary requirements.
 

 To survive the State’s dismissal motion, however, the statute goes on to require that claimant state facts in sufficient detail to permit the court to find that she was likely to succeed at trial in proving either that she did not commit any of the acts charged in the accusatory instrument, or that her acts or omissions did not constitute felonies or misdemeanors, and that she did not by her own conduct cause or bring about her conviction (§ 8-b [4]). This requirement, the State contends, has not been met, in that claimant has failed to establish either that she did not commit the acts charged in the accusatory instrument or that her acts were not crimes.
 
 [1]
 
 We agree with the State that claimant failed to make the requisite showing to avoid dismissal.
 

 The claim in this case states, without elaboration, that claimant "did not commit any of the acts charged in the aforesaid indictment.” In opposition to the State’s motion and in support of her own cross motion for summary judgment, claimant submitted her attorney’s affirmation asserting that this Court had reversed claimant’s conviction "because the People’s evidence was
 
 legally insufficient
 
 to sustain the conviction or to disprove the defense of justification,” which was "the functional equivalent of an acquittal and thus tantamount to being found innocent.” The affirmation further stated that if claimant had caused the decedent’s death in self-defense, that act was not a criminal act under Penal Law § 35.10, and it invoked the presumption of innocence.
 

 An acquittal of criminal charges is not equivalent to a finding of innocence. On the contrary, "an acquittal on any
 
 *8
 
 basis which does not involve the defendant bearing part of the burden of proof merely stands for the proposition that the People have failed to meet the higher standard of proof required at the criminal proceeding.”
 
 (People ex rel. Matthews v New York State Div. of Parole,
 
 58 NY2d 196, 203.) An acquittal may prevent relitigation of issues necessarily resolved in the defendant’s favor at a subsequent criminal proceeding because that higher standard of proof applies at the subsequent proceeding
 
 (People v Acevedo,
 
 69 NY2d 478, 484-486;
 
 People v Goodman,
 
 69 NY2d 32, 38). However, where the subsequent proceeding is a civil one, involving a lower standard than proof beyond a reasonable doubt, an acquittal is not proof of innocence.
 

 These principles apply regardless of the nature of the subsequent civil proceeding. For example, the alleged victim of an assault may maintain a personal injury action against the defendant even though criminal charges based on the assault have been dismissed
 
 (Kalra v Kalra,
 
 149 AD2d 409, 410-411). The outcome of the underlying criminal charges is irrelevant to a forfeiture proceeding, and even acquittal does not necessarily prevent a subsequent civil forfeiture
 
 (Matter of Property Clerk v Ferris,
 
 77 NY2d 428;
 
 United States v United States Currency, in Amount of $228,536.00,
 
 895 F2d 908, 916,
 
 cert denied sub nom. Parker v United States,
 
 495 US 958). Administrative discipline may be imposed although a criminal proceeding arising out of the same incident has been dismissed or there has been an acquittal
 
 (Matter of Lynch’s Bldrs. Rest. v O’Connell,
 
 303 NY 408, 410;
 
 Matter of Robinson,
 
 70 AD2d 209, 210, n 1,
 
 appeal dismissed
 
 49 NY2d 800,
 
 cert denied
 
 449 US 830;
 
 Matter of Perry v Blair,
 
 64 AD2d 870, 871;
 
 Scales v Maxwell,
 
 52 AD2d 719;
 
 Matter of Strizak v Board of Regents,
 
 29 AD2d 1013,
 
 lv denied
 
 22 NY2d 642). Parole may be revoked even though there has been an acquittal or dismissal of criminal charges
 
 (People ex rel. Matthews v New York State Div. of Parole,
 
 58 NY2d, at 202-203,
 
 supra; People ex rel. Pickett v Ruffo,
 
 96 AD2d 128, 130-131).
 

 Claimant’s contention that reversal of her conviction is "tantamount to being found innocent” is thus unpersuasive. This Court’s reversal of her conviction established only that the prosecution had failed to prove her guilt of manslaughter and weapon possession beyond a reasonable doubt, nothing more. In particular, the reversal was not dispositive concerning whether claimant could be shown to -have committed the acts charged in the indictment under a standard of proof less
 
 *9
 
 exacting than proof beyond a reasonable doubt. The People’s inability to satisfy their burden of proof at the criminal trial is simply not equivalent to the requirement of Court of Claims Act § 8-b (4) that claimant state facts sufficient to support a finding that she is likely to succeed in proving that she did not commit the acts with which she was charged
 
 (Piccarreto v State of New York,
 
 144 AD2d 920).
 

 Claimant’s alternative position that the reversal leaves intact her presumption of innocence, and that the presumption is clear and convincing proof of her innocence, is equally untenable. We long ago held that the presumption of innocence is not indulged in a civil action because of the lesser burden of proof
 
 (Kurz v Doerr,
 
 180 NY 88, 91-92). The statute on which claimant bases her claim expressly imposes on her the burden of proving innocence by clear and. convincing evidence (Court of Claims Act § 8-b [5]). The presumption of innocence does not apply to this civil proceeding in which claimant bears the burden of proof, and is not a means by which she may satisfy that burden
 
 (Fudger v State of New York,
 
 131 AD2d 136, 140).
 

 Nor is the fact that claimant’s indictment was dismissed clear and convincing proof of her innocence. So much is clear from the statute itself. One of the elements a claimant must establish by documentary proof in order simply to present a claim under the statute is that the judgment of conviction was reversed or vacated and the accusatory instrument dismissed, or, if a new trial was ordered, either that there was an acquittal or that there was no retrial and a dismissal of the accusatory instrument (Court of Claims Act § 8-b [3] [b] [ii]). If satisfying this one element itself established the claimant’s right to recover, then the succeeding two sections of the statute — setting forth what the claimant must do to overcome a motion to dismiss and prevail upon the merits — would be superfluous. We will not construe the statute in a way that renders two of its sections superfluous (McKinney’s Cons Laws of NY, Book 1, Statutes § 98;
 
 Sanders v Winship,
 
 57 NY2d 391, 396).
 

 Claimant contends that our opinion reversing her conviction held as a matter of law that, even assuming that she shot the decedent, "such a shooting would have been
 
 justified
 
 since it would have been committed in
 
 self-defense
 
 — a
 
 non-criminal act. ”
 
 This is inaccurate.
 

 In reversing claimant’s conviction, we did not hold that she
 
 *10
 
 had made out a justification defense. Rather, we held that the main prosecution witness both inculpated claimant and provided a description of circumstances constituting a justification defense (40 NY2d, at 207). We concluded that this discrepancy in the witness’s testimony, combined with the prosecution’s attempt to salvage the situation by attacking only the exculpatory portion of the witness’s testimony, meant that the People failed to establish guilt beyond a reasonable doubt (40 NY2d, at 209). Because we found the People’s proof insufficient, we had no occasion to consider whether a defense was made out, and our decision did not address that question. That the reversal rested on the insufficiency of the People’s proof rather than on any justification defense is established by the reversal of claimant’s conviction for weapon possession; a proven justification defense would not have required reversal of that charge
 
 (People v Pons,
 
 68 NY2d 264, 265).
 

 In a related argument, claimant contends that the facts stated in our opinion reversing her conviction make out a justification defense, and that this amounts to clear and convincing evidence of her innocence. Even assuming that the facts stated in our opinion made out a justification defense, those facts still would not demonstrate claimant’s likelihood of proving either that she did not commit any of the acts charged in the indictment, or that her acts did not constitute crimes. One of the criminal acts charged in the indictment was unlawful possession of a weapon, and proof of the justification defense would also establish that criminal act.
 

 Our reading of the plain language of the statute is further buttressed by the legislative history of Court of Claims Act § 8-b, particularly the report of the Law Revision Commission. As the Commission noted, "the mere statement that one’s conviction has been reversed or vacated will not establish a prima facie case. In addition to the fact of reversal or vacating, it will still be necessary to state facts which will establish innocence; failure to do so will result in dismissal of the claim.” (1984 Report of NY Law Rev Commn, 1984 McKinney’s Session Laws of NY, at 2929.) The Commission anticipated that most claims would not survive a motion to dismiss
 
 (id.,
 
 at 2930). It acknowledged that putting the burden of proof on claimant "places one in a difficult position” of proving a negative, but the Commission believed it was appropriate to do so
 
 (id.,
 
 at 2931).
 

 The prior opinions in this case rest upon the impression
 
 *11
 
 that, unless claimant can rely upon the reversal of her conviction as a basis for her claim, she will be unable to succeed. In the words of the trial court, "I doubt that any claimant could ever prove innocence by clear and convincing evidence except in the instance where another person confesses to the crime and such confession is accepted by the judicial authorities.” (129 Misc 2d, at 523.) The Appellate Division, as noted above, openly premised its affirmance of the award on the unusual circumstances of the case, especially "the various extraordinary factors not caused by the claimant which present difficulties in presenting proof of her claim” (133 AD2d, at 111).
 

 While we express no opinion as to how future claims might be established, it is clear from the statute and its history that this claim was not established, and indeed that such damages actions were not expected to succeed frequently. The Law Revision Commission noted that a number of other States have similar statutes, but that "there have not been many claims made under these statutes and even fewer recoveries.” (1984 Report of NY Law Rev Commn, 1984 McKinney’s Session Laws of NY, at 2921.)
 
 [2]
 
 The Commission anticipated that most claims asserted under section 8-b would be dismissed before trial (1984 McKinney’s Session Laws of NY, at 2930).
 

 The task facing a claimant who attempts to assert a damages claim against the State under Court of Claims Act § 8-b is certainly not a simple one. While the Legislature specified that courts should "give due consideration to difficulties of proof caused by the passage of time, the death or unavailability of witnesses, the destruction of evidence or other factors not caused by such persons” (Court of Claims Act § 8-b [1]), it also allocated to claimants the heavy burden of proving their innocence by clear and convincing proof.
 

 As the Governor stated in his approval message, section 8-b represents an attempt to balance the State’s obligation to be fair and just with its "responsibility to assure that it is not
 
 *12
 
 overwhelmed with enormous monetary liability and that the Court of Claims and the district attorneys’ offices are not inundated with baseless claims of unjust conviction and imprisonment.” (1984 McKinney’s Session Laws of NY, at 3669.) The decision to place upon claimants the burden of proving their innocence by clear and convincing evidence is an important part of that balance. However sympathetically a court might view a claim
 
 (see,
 
 Court of Claims Act § 8-b), that statutory requirement cannot be ignored.
 

 Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be reversed, without costs, and the claim dismissed.
 

 Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.
 

 [1]
 

 . Contrary to claimant’s contention, the State preserved this issue by its motion to dismiss for failure to state a claim.
 

 [2]
 

 . Of interest also is the fact that the Federal statute authorizing compensation for unjust conviction and imprisonment (28 USC § 2513) has been similarly interpreted. That statute requires proof that the claimant "did not commit any of the acts charged” in the form of a certificate of innocence, which the claimant must obtain in a civil proceeding (28 USC § 2513 [a] [2]; [b];
 
 United States v Brunner,
 
 200 F2d 276, 279-280). Reversal of a claimant’s conviction for lack of evidence does not require that a certificate of innocence be issued; rather, the issuing authority must be convinced of the claimant’s innocence
 
 (McMurry v United States,
 
 15 MJ 1054;
 
 Hall v United States,
 
 4 MJ 603;
 
 Forrest v United States,
 
 3 MJ 173).