[808 NYS2d 741]

David W., Appellant, v State of New York, Respondent. (Claim No. 106125.)

Second Department, January 26, 2006

**APPEARANCES OF COUNSEL**

*Harry H. Kutner, Jr.*, Mineola, for appellant.

*Eliot Spitzer, Attorney General*, Albany (*Patrick Barnett-Mulligan* and *Frank K. Walsh* of counsel), for respondent.

**OPINION OF THE COURT**

Ritter, J.

We are asked to determine whether the claimant has stated a claim to recover damages for unjust conviction and imprisonment under Court of Claims Act § 8-b. We hold that he has not.

In 1995, the claimant, David W., was convicted of sodomy and sexual abuse, and was sentenced to concurrent terms of 90 days imprisonment and five years probation. While he was on probation for those offenses, the Legislature enacted the Sex Offender Registration Act (hereinafter SORA; *see* Correction Law article 6-C). Consequently, the claimant was notified that he had been designated a repeat risk level three sex offender, the highest designation, and was provided with a form to register accordingly (*see* Correction Law §§ 168-a, 168-g). The claimant objected to this designation, arguing that it was incorrectly calculated. The claimant, as a sex offender already on probation when SORA was enacted, was not afforded notice and an opportunity to be heard in the calculation of the repeat risk level designation (*see People v David W.*, 95 NY2d 130 [2000]). The claimant asserted, inter alia, that he was incorrectly charged points on the risk assessment instrument for having used forcible compulsion in committing the sex offenses and for having failed to accept responsibility for his conduct. When the repeat risk level designation was not reduced, the claimant, upon advice of counsel, refused to sign and return the sex offender

registration form. Consequently, the claimant was charged with the crime of failing to register, a class A misdemeanor for a first offense (*see* Correction Law §§ 168-g, 168-t). After a trial, at which his constitutional challenges to SORA as applied to him were rejected, the claimant was found guilty and sentenced to one year imprisonment. In 2000, the Court of Appeals reversed the claimant's conviction and dismissed the accusatory instrument (*see People v David W.,* 95 NY2d 130 [2000]). The Court of Appeals framed the issue before it as follows: "Does an individual convicted of a sex offense have a constitutional right to notice and an opportunity to be heard before being classified as a sexually violent predator under the Sex Offender Registration Act (SORA)—New York's 'Megan's Law?' " (*id.* at 133). The Court of Appeals concluded: "Defendant may or may not deserve a risk level three classification, but without any notice and an opportunity to be heard before a determination is made, the risk level determination made below failed to comport with minimum State and Federal constitutional requirements of due process" (*id.* at 140). The claimant commenced this claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b. We affirm the dismissal of the claim by the Court of Claims.

In 1984, the Law Revision Commission (hereinafter the Commission) issued a report and proposed model legislation to provide redress for persons unjustly convicted of crimes and imprisoned by the State (*see* 1984 Report of NY Law Rev Commn to Governor on Redress For Innocent Persons Unjustly Convicted and Subsequently Imprisoned, 1984 NY Legis Doc No. 65, reprinted in 1984 McKinney's Session Laws of NY, at 2899-2937 [hereinafter Report]; *see also Ivey v State of New York,* 80 NY2d 474, 479 [1992]). The proposed legislation was based on the recognition that, although some convictions resulted from prosecutorial or other misconduct by the State, the "vast majority of unjust convictions derive from human frailties that are ineradicable" from an imperfect system (Report at 2902). The Commission concluded that compensation should be made by the government—the only entity authorized to prosecute a criminal case—"regardless of whether any government officer or employee has played a culpable role" in the conviction (Report at 2903). After concluding that the existing remedies were inadequate—i.e., the common-law torts of malicious prosecution and false imprisonment, special legislative action, and a claim for damages in the Court of Claims after an executive pardon—the

Commission proposed that a new claim be created under the Court of Claims Act (*see* Report at 2917-2918). The proposed model legislation was crafted to provide a "careful balancing between the goal of compensating one who has been unjustly convicted and imprisoned, and society's dual interest of ensuring that only the innocent recover and of preventing the filing of frivolous claims" (Report at 2926, 2911-2917; *see Ivey v State of New York, supra* at 479). Thus, the Commission concluded, a mere assertion of innocence was insufficient to state a potential claim (*see* Report at 2926; *see also Reed v State of New York,* 78 NY2d 1, 10 [1991]). This was because (1) a claim of innocence had already been, in effect, raised and litigated during the criminal trial, (2) the conviction after a criminal trial was tested for legal sufficiency and error on appeal to the Appellate Division and the Court of Appeals, and (3) the conviction after a criminal trial was subject to being set aside based on, inter alia, newly-discovered evidence and constitutional violations and other improper conduct at trial (*see* Report at 2926-2927). Rather, the Commission concluded, a claimant must show "something more" and proposed, in effect, a three-step process (Report at 2927-2928). Based on the Commission's proposed model legislation, the Legislature enacted Court of Claims Act § 8-b. Step one of the claim process as enacted by the Legislature provides as follows:

> "3. In order to present the claim for unjust conviction and imprisonment, claimant must establish by documentary evidence that:
>
> "(a) he has been convicted of one or more felonies or misdemeanors against the state and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence; and
>
> "(b) (i) he has been pardoned upon the ground of innocence of the crime or crimes for which he was sentenced and which are the grounds for the complaint; or (ii) his judgment of conviction was reversed or vacated, and the accusatory instrument dismissed or, if a new trial was ordered, either he was found not guilty at the new trial or he was not retried and the accusatory instrument dismissed; provided that the judgement of conviction was reversed or vacated, and the accusatory instrument was dismissed, on any of the following grounds: (A)

paragraph (a), (b), (c), (e) or (g) of subdivision one of section 440.10 of the criminal procedure law; or (B) subdivision one (where based upon grounds set forth in item [A] hereof), two, three (where the count dismissed was the sole basis for the imprisonment complained of) or five of section 470.20 of the criminal procedure law; or (C) comparable provisions of the former code of criminal procedure or subsequent law; or (D) the statute, or application thereof, on which the accusatory instrument was based violated the constitution of the United States or the state of New York; and

"(c) his claim is not time-barred by the provisions of subdivision seven of this section." (Court of Claims Act § 8-b [3] [a]-[b]; *see Reed v State of New York, supra.*)

This provision is not a verbatim adoption of the model language proposed by the Commission (*see* Report at 2936). Significantly, for example, the Legislature added the provisions of subdivision (3) (b) (ii), which set forth the specific grounds upon which the accusatory instrument must be reversed or vacated, and the accusatory instrument dismissed (*see Ivey v State of New York, supra* at 479). Scrutiny of the bill jacket does not illuminate the Legislature's reasoning for enacting the specified grounds. However, the Court of Appeals concluded that the Legislature chose to further limit the applicability of the statute to only those persons who were actually innocent, holding:

"an acquittal is not, ipso facto, equivalent to a determination of innocence, generally or for purposes of [Court of Claims Act § 8-b] (*Reed v State of New York,* 78 NY2d 1, 7), it is a useful and relevant indicator of innocence, just as the grounds enumerated in the proviso clause are (*see, Ferrer v State of New York,* 136 Misc 2d 218, 223, *affd* 136 AD2d 487). Indeed, as noted by the Court of Claims in *Ferrer,* even the Law Revision Commission acknowledged that 'none of the grounds for reversal or vacatur under State law exactly correlate with innocence' (136 Misc 2d, at 223, *supra*)." (*Id.* at 479-480.)

Indeed, the "linchpin" of Court of Claims Act § 8-b is innocence (*id.* at 479; Report at 2930). That is why meeting this "preliminary" step one pleading burden was not intended and has not been held sufficient to establish a prima facie claim under Court

of Claims Act § 8-b (Report at 2927-2929; *Reed v State of New York*, 78 NY2d 1, 10 [1991]). Rather, even if this preliminary pleading burden is met, a claimant must satisfy, in effect, a second pleading burden to avoid dismissal of a claim, to wit:

> "4. The claim shall state facts in sufficient detail to permit the court to find that claimant is likely to succeed at trial in proving that (a) he did not commit any of the acts charged in the accusatory instrument or his acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state, and (b) he did not by his own conduct cause or bring about his conviction. The claim shall be verified by the claimant. If the court finds after reading the claim that claimant is not likely to succeed at trial, it shall dismiss the claim, either on its own motion or on the motion of the state." (Court of Claims Act § 8-b [4].)

This step two pleading burden places the claimant in the " 'difficult position' of proving a negative" (*Reed v State of New York, supra* at 10, quoting Report at 2931). Indeed, the Commission concluded: "most cases will not survive a motion to dismiss. The few exceptions will be the ones appropriate for a full hearing on the claim of innocence" (Report at 2930-2931; *see Reed v State of New York, supra* at 10).

Finally, if these preliminary pleading burdens are met, the claimant, as a step three requirement, must prove all of the elements of the claim (*supra*) by clear and convincing evidence (*see* Court of Claims Act § 8-b [5]; Report at 2930-2932).

The requirements of the statute are to be strictly construed (*see Reed v State of New York, supra; Groce v State of New York,* 272 AD2d 519, 520 [2000]).

Here, the claimant's pleadings and documentary evidence were sufficient to satisfy his preliminary step one pleading burden of demonstrating (1) that he was convicted of a misdemeanor against the state and sentenced to a term of imprisonment, (2) that he served part of the sentence, and (3) that his judgment of conviction was reversed and the accusatory instrument dismissed on a ground enumerated under the statute, to wit: "the statute, or application thereof, on which the accusatory instrument was based violated the constitution of the United States or the state of New York" (Court of Claims Act § 8-b [3] [b] [ii] [D]; *see Reed v State of New York, supra*). Indeed, the first and third elements are evident from the Court of Ap-

peals' determination in *People v David W.* (95 NY2d 130 [2000]). However, the claimant failed to meet his preliminary step two pleading burden.

In light of the emphasis on actual innocence, and the requirement that a claimant not cause or bring about the conviction by his or her own conduct, it was insufficient that the claimant here demonstrated merely that his designation as a repeat risk level three sex offender was calculated in violation of his due process rights. Rather, to have met his step two pleading burden, the claimant needed to state verified facts in sufficient detail to have demonstrated that he was likely to succeed at trial in proving that this designation was, in fact, incorrect. However, the claimant failed to do so. Further, the record does not otherwise demonstrate the same. For example, the facts of the underlying sex offenses (which were resolved by plea) are not clear from the record. Thus, the claimant's assertion, inter alia, that he was incorrectly charged points on the risk assessment instrument for having used forcible compulsion during the commission of the sex offenses cannot be determined from the record (*see People v David W., supra* at 135). Finally, the issue of whether the claimant was properly designated a repeat risk level three sex offender was expressly left open by the Court of Appeals' decision in *People v David W. (supra).* Consequently, the claim was properly dismissed, and the judgment is affirmed.

Cozier, J.P., Rivera and Fisher, JJ., concur.

Ordered that the judgment is affirmed, with costs.