PER CURIAM:
This claim came before the Court upon oral argument of respondent’s Motion to Dismiss. At the hearing, the attorneys agreed that there were no additional facts which would be presented in a further proceeding. Therefore, the parties conceded that the claim is now submitted to the Court for determination upon the merits through the Motion. The Court, having reviewed the transcript of the hearing, the briefs filed by the parties, and the documentation submitted with the claim, has determined to grant the respondent’s Motion to Dismiss for the reasons more fully stated below.
On September 19, 2004, claimant was traveling in the eastbound lane on Route 50 near Augusta, Hampshire County, when the claimant’s vehicle collided with a vehicle being driven by Rhonda Dante which had stopped in front of her. That driver (Dante) was delayed in making a left turn because there was a procession of motorcycles traveling in the westbound lane. The collision pushed the Dante vehicle into the opposite lane where it collided with a motorcycle. As a result of the collision, the passenger (Kaitlyn Marie Dante) in the stopped vehicle and a motorcyclist (Janeann Moore Stehle) were killed. It was uncontested that the collision was caused, at minimum, by the claimant’s failure to keep a proper watch on the road.
On January 4, 2005, a Hampshire County grand jury indicted the claimant on two counts of negligent homicide.[5] A Hampshire County jury convicted claimant on both *67 counts. The Honorable Judge Donald H. Cookman entered an order on February 7,2006, wherein the claimant was sentenced to serve one year in prison on each count, with the sentences to be served consecutively. Although Judge Cookman stayed the execution of the sentence pending an appeal, he revoked the claimant’s bond. Consequently, the claimant was incarcerated in the Potomac Highlands Regional Jail. The guilty verdict was subsequently appealed to the West Virginia Supreme Court.
On February 21,2007, the West Virginia Supreme Court reversed the negligent homicide convictions and found as a matter of law that there was insufficient evidence to convince a reasonable person of claimant’s guilt beyond a reasonable doubt. State v. Green, _ W.Va. _, 647 S.E.2d 736, 746-47 (2007).[6] However, the Supreme Court stated, in dicta, the following:
From this Court’s review of the record, in a light most favorable to the State, it is apparent that the Appellant failed to keep a proper watch on the highway in front of her, resulting in her inability to avoid a collision with the Dante vehicle, in violation of West Virginia Code § 17C-6-1 (a) (2003) (Repl.Vol.2004). It is likewise apparent that the Appellant was operating her vehicle at a speed above the applicable speed limit, in violation of West Virginia Code §17C-6-1(b). The evidence also indicates that the collision was so violent as to be characterized as an explosion, sending pieces of metal and glass thirty feet in the air. There were no skid marks at the point of impact, indicating that the Appellant did not brake significantly prior to impact. The State maintained that the Appellant failed to take any measures to mitigate the seriousness of the collision and drove, Ml speed, into the rear of Mrs. Dante’s vehicle. Id. at 747.
Thereafter, the claimant filed the instant claim for unjust conviction and imprisonment pursuant to West Virginia Code § 14-2-13a.
In order to recover damages under W. Va. Code § 14-2-13 a, the claimant must establish by clear and convincing evidence that she is “innocent” within the meaning of the statute.[7] First, the claimant must demonstrate that she was convicted of a crime where *68 she was sentenced and has served a term of imprisonment, and the conviction was subsequently reversed. W.Va. Code § 14-2-13a(f)(2)-(3)(B). Second, the claimant must prove that she did not commit any of the acts charged in the accusatory instrument or her acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor. W.Va. Code § 14-2-13a(f)(4). Third, the claimant must show that she did not by her own conduct cause or bring about her conviction. W.Va. Code § 14-2-13a(f)(5).
The claimant contends that in the instant case, Simmons v. State is dispositive in interpreting W.Va. Code § 14-2-13a. _ N.Y.S.2d _, 2007 WL 2390710 (N.Y.Ct.Cl. 2007). The Court notes that West Virginia’s unjust arrest statute mirrors the New York Unjust Conviction and Imprisonment Act § 8-b.[8] In Simmons, the State of *69 New York moved to dismiss a claim for wrongful arrest and imprisonment that was brought under New York’s Court of Claims Act § 8-b. Id. The claimant was convicted of negligent homicide as well as various traffic offenses arising out of the death of a baby. Claimant was sentenced to six months in jail, five years probation and his driver’s license was revoked for one year.[9] Id.
On appeal, the court reversed claimant’s conviction for negligent homicide. Id. The New York Court of Claims found that the claim stated facts in sufficient detail to find that the claimant was likely to succeed at trial in establishing that the acts charged in the accusatory instrument did not constitute a felony or misdemeanor,[10] and that he did not by his own conduct bring about his conviction pursuant to the New York Court of Claims Act § 8-b. Id.
Although the Court finds Simmons to be noteworthy, the Court is of the opinion that Reed v. State, 574 N.E.2d 433 (N.Y. 1991),the seminal case on unjust arrest inNew York, is more dispositive of the issues presented here. In Reed, the claimant was convicted of first-degree manslaughter and served three years and eight months in prison. *70 574 N.E.2d at 434. The Court of Appeals of New York reversed her conviction based on the legal insufficiency of the evidence. Id. When the claimant presented her claim for unjust imprisonment in the New York Court of Claims, the court granted summary judgment for the claimant on the issue of liability based on the Court of Appeals’ dismissal of the indictment. Id. The Court of Claims concluded that the claimant retained the presumption of innocence and had met her burden of proof. The Court of Appeals affirmed the decision, a trial on damages was held, and a judgment was entered for the claimant. Id.
However, the Court of Appeals subsequently reversed its prior decision. Id. at 435. In reversing its decision and dismissing the claim, the New York Court of Appeals relied on the legislative history of the New York Court of Claims Act § 8-b, particularly the report of the Law Revision Commission. Id. at 437. The Commission noted: In addition to the fact of reversal or vacating, it will still be necessary to state facts which will establish innocence; failure to do so will result in dismissal of the claim. The Commission anticipated that most claims would not survive a motion to dismiss. It acknowledged that putting the burden of proof on claimant ‘places one in a difficult position’ of proving a negative, but the Commission believed it was appropriate to do so. Id.
The Court of Appeals found that although Court of Claims Act § 8-b(3)(b)(ii) requires the claimant to prove that the conviction was reversed or vacated and the accusatory instrument dismissed, satisfying this one element is insufficient to establish the claimant’s right to recover. Id. at 436. The Appeals Court stated, “If satisfying this one element itself established the claimant’s right to recover, then the succeeding two sections of the statute - setting forth what the claimant must do to overcome a motion to dismiss and prevail upon the merits - would be superfluous.” Id. The Appeals Court further stated, “[w]e will not construe the statute in a way that renders two of its sections superfluous.”[11] Id.
In the instant case, the claimant has met the first requirement in West Virginia Code § 14-2-13 a(f)(2) by establishing that on August 25,2006, a Hampshire County jury convicted Ms. Green of two counts of negligent homicide. The claimant has also demonstrated that she was sentenced to a term of imprisonment of one year on each count that she was charged with in the indictment, as required under the statute. Under W.Va. Code § 14-2-13a(f)(3)(B), the claimant has met her burden of establishing that her conviction was subsequently reversed by the West Virginia Supreme Court of Appeals due to the insufficiency of the evidence. State v. Green, _ W.Va. _, 647 S.E.2d 736 (2007).
*71 Nevertheless, the Court finds that the claimant has failed to satisfy W.Va. Code § 14-2-13a(f)(4), which requires a showing that “[s]he did not commit any of the acts charged in the accusatory instrument or [her] acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state.” Although the Supreme Court acquitted the claimant of her negligent homicide conviction, this finding establishes that the prosecution failed to prove claimant’s guilt beyond a reasonable doubt. However, as in Reed, the reversal of a criminal conviction alone will not satisfy the claimant’s burden of showing by clear and convincing evidence that she did not commit the acts for which she was charged in the accusatory instrument or her acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor. 574 N.E.2d at 436.
At the hearing, counsel for the claimant stated that there were no additional facts besides those stated in State v. Green which would be presented in a further proceeding. State v. Green, _ W.Va. _, 647 S.E.2d 736 (2007). In essence, claimant is attempting to rely wholly on the reversal of her criminal conviction. Although this establishes one element of her case in chief, claimant has not demonstrated by clear and convincing evidence that she did not commit any of the acts with which she was charged in the accusatory instrument or her acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor pursuant to W.Va. Code § 14-2-13a(f)(4). Since the claimant has failed to meet this element, the Court need not consider whether the claimant’s conduct caused or brought about her conviction pursuant to W.Va. Code § 14-2-13a(f)(5).
Accordingly, the Court is of the opinion to and does hereby grant respondent’s Motion to Dismiss.
Claim dismissed.

 The indictment stated as follows: Indictment for two misdemeanors First Count- Negligent Homicide The Grand Jurors of the State of West Virginia, in and for the body of the County of Hampshire, upon their oaths present that MARJORIE VIRGINIA GREEN did commit the offense of negligent homicide in that she did, on September 19, 2004, in the said county of Hampshire, unlawfully drive and operate a motor vehicle in this State in reckless disregard for the safety of others and, by such driving and operation, did cause bodily injury to Kaitlyn Marie Dante, which bodily injury proximately resulted in the death of the said Kaitlyn Marie Dante, in violation of Chapter 17C, Article 5, Section 1(a), of the West Virginia Code, as amended, against the peace and dignity of the State.
Second Count- Negligent Homicide
The Grand Jurors, upon their oaths, do further present that MARJORIE VIRGINIA GREEN did commit the offense of negligent homicide in that she did, on September 19, 2004, in the said county of Hampshire, unlawfully drive and operate a motor vehicle in this State in reckless disregard for the safety of others and, by such driving and operation, did cause bodily injury to Janeann Moore Stehle, which bodily injury proximately resulted in the death of the said Janeann Moore Stehle, in violation of Chapter 17C, Article 5, Section 1(a) of the West Virginia Code, as amended, against *67 the peace and dignity of the State.

 The Supreme Court held, “A conviction for negligent homicide must not be premised solely upon the violation of a traffic statute unless the underlying act which constitutes the violation or accompanying circumstances evidence a reckless disregard for the safety of others, characterized by negligence so gross, wanton, and culpable as to show a reckless disregard for human life.” Id. at 746-47.

 In particular, the claimant must comply with the requirements in (e)(2) and (e)(3) of W.Va. Code § 14-2-13a which are as follows:
(e) The claim shall state facts in sufficient detail to permit the court to find that claimant is likely to succeed at trial in proving that...
(2) in the case of an unjust conviction and imprisonment that [s]he did not commit any of the acts charged in the accusatory instrument or [her] acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the State, and
(3) [s]he did not by [her] own conduct cause or bring about [her] conviction. Furthermore, the claimant must satisfy W.Va. Code § 14-2-13a(f), which states:
*68 (i)In order to obtain a judgment in [her] favor, claimant must prove by clear and convincing evidence that:
(1) [She] has been arrested and imprisoned, or both arrested and imprisoned, and charged by warrant, information or indictment for one or more felonies, and that the charges were dismissed against [her] when another person was subsequently charged, arrested and convicted of the same felony or felonies;
(2) [She] has been convicted of one or more felonies or misdemeanors against the state and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence; or
(3) (A) [She] has been pardoned upon the ground of innocence of the crime or crimes for which [s]he was sentenced and which are the grounds for the complaint; or
(B) [her] judgment of conviction was reversed or vacated, and the accusatory instrument dismissed, or if a new trial was ordered, either [s]he was found not guilty at the new trial or [s]he was not retried and the accusatory instrument dismissed; or
(C) the statute or application thereof, on which the accusatory instrument was based violated the constitution of the United States or the state of West Virginia;
(4) [S]he did not commit any of the acts charged in the accusatory instrument or [her] acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state; and
(5) [She] did not by [her] own conduct cause or bring about [her] conviction.

 The New York Court of Claims Act § 8-b(5) provides:
(5) In order to obtain a judgment in [her] favor, claimant must prove by clear and convincing evidence that:
(a) [s]he has been convicted of one or more felonies or misdemeanors against the state and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence; and
(b) (i) [s]he has been pardoned upon the ground of innocence of the crime or crimes for which [s]he was sentenced and which are the grounds for the complaint; or
*69 (ii) [her] judgment of conviction was reversed or vacated, and the accusatory instrument dismissed or, if a new trial was ordered, either [s]he was found not guilty at the new trial or [s]he was not retried and the accusatory instrument dismissed; provided that judgement of conviction was reversed or vacated, and the accusatory instrument dismissed, on any of the following grounds: (A) paragraph (a), (b), (c), (e), or (g) of subdivision one of section 440.10 of the criminal procedure law; or (B) subdivision one (where based upon grounds set forth in item (A) hereof), two, three (where the count dismissed was the sole basis for the imprisonment complained of) or five of section 470.20 of the criminal procedure law; or (C) comparable provisions of the former code of criminal procedure or subsequent law; or (D) the statue, or application thereof, on which the accusatory instrument was based violated the constitution of the United States or the state of New York; and
(c) [s]he did not commit any of the acts charged in the accusatory instrument or [her] acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state; and
(d) [s]he did not by [her] own conduct cause or bring about [her] conviction.

 Claimant was convicted of (1) criminally negligent homicide (Penal Law §125.10); (2) operation of a motor vehicle at imprudent speed (Vehicle and Traffic Law § 1180(a)); (3) failure to stop at a stop sign (Vehicle and Traffic Law § 1172(a)); and (4) failure to keep right (Vehicle and Traffic Law § 1120(a)). Id.

 The Court found that all of the other offenses in the accusatory instrument, including those for which he was found guilty: operation of a motor vehicle at imprudent speed (Vehicle and Traffic Law § 1180[a] ), failure to stop at a stop sign (Vehicle and Traffic Law § 1172[a] ), and failure to keep right (Vehicle and Traffic Law § 1120[a] ), are infractions (Vehicle and Traffic Law § 1101) and do not constitute a felony or misdemeanor. Id.

 See also Mike v. State, 808 N.Y.S.2d 537, 542 (N.Y. Ct. Cl. 2005) (dismissing claimant’s unjust arrest claim and stating that although the claimant’s conviction for third degree criminal sale of a controlled substance was reversed, the New York Court of Appeals did not determine that the claimant was innocent of the charges, but rather the prosecution failed to prove the key elements of the charges”); Chandler v. State, 641 N.E.2d 1382, 1386 (Ohio Ct. App. 1994) (dismissing claimant’s unjust arrest claim and stating, “As a general rule, a verdict or judgment of acquittal in a criminal trial is a determination that the state has not met its burden of proof on the essential elements of the crime. It is not necessarily a finding that the accused is innocent’’).