■ CLINTON TURNER, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 111542.) [854 NYS2d 778]—

In a claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, the defendant appeals, as limited by its brief, from so much of an order of the Court of Claims (Marin, J.), dated December 5, 2006, as denied its cross motion for summary judgment dismissing the claim, and the claimant cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, without costs or disbursements.

In 1988 the claimant was convicted of robbery in the first degree and grand larceny in the fourth degree. Approximately five years after his conviction, the claimant received a recanting affidavit from the complainant in the robbery and larceny case. In that affidavit, the complainant stated not only that he had lied when he testified that the claimant robbed him at knife point, but also that he had lied when he testified at trial that he had no arrest or conviction record. The claimant's subsequent motions to vacate his conviction pursuant to CPL 440.10 were denied.

Thereafter, the claimant sought federal habeas corpus relief from the United States District Court for the Eastern District of New York (hereinafter the District Court), inter alia, on the grounds that his conviction was based on perjured testimony in violation of due process and that his due process rights under *Brady v Maryland* (373 US 83 [1963]) were violated when the prosecutor failed to turn over the complainant's criminal record after the claimant specifically requested it in his omnibus motion (*see Turner v Schriver*, 327 F Supp 2d 174, 181 [2004]). Following a hearing, the District Court found that the prosecutor offered perjured testimony at trial when the complainant testified that he had no criminal record and that the prosecutor should have known that the complainant had a criminal record. The District Court found that the claimant's due process rights were violated based upon the admission of this perjured testimony, which the prosecutor should have known was false, and that the claimant's due process rights pursuant to *Brady* were violated in that the prosecutor failed to turn over the material impeachment evidence of the complainant's rap sheet showing his criminal record (*id.* at 186-187). The District Court granted the writ and vacated the judgment of conviction (*id.* at 187).

The claimant then brought this claim against the State of New York pursuant to Court of Claims Act § 8-b, to recover damages for unjust conviction and imprisonment. The Court of Claims denied the claimant's motion for summary judgment on the issue of liability and denied the State's cross motion for summary judgment dismissing the claim. We affirm.

In support of its cross motion, the State argued that the claim should be dismissed for lack of subject matter jurisdiction because the claimant did not meet the preliminary proof requirements set forth in Court of Claims Act § 8-b (3) (a). However, such preliminary proof requirements are not jurisdictional in nature, and therefore imperfect compliance can be cured (*see Harris v State of New York*, 38 AD3d 144 [2007]; *David W. v State of New York*, 27 AD3d 111 [2006]). The materials attached as exhibits to the claimant's motion for summary judgment established his conviction of one or more felonies, his sentence, and his incarceration for part of that sentence, as required by Court of Claims Act § 8-b (3) (a). Accordingly, the Court of Claims properly denied the State's cross motion for summary judgment dismissing the claim on this ground.

In support of its cross motion, the State also argued that the claim should be dismissed because the claimant failed to meet the prerequisites for presenting a claim set forth in Court of Claims Act § 8-b (3) (b). The State failed to meet its prima facie burden entitling it to judgment as a matter of law on this ground. Court of Claims Act § 8-b (3) (b) requires the claimant to demonstrate that the vacatur of his conviction was based upon at least one of certain enumerated statutory grounds (*e.g.* CPL 440.10 [1] [a], [b], [c], [e], or [g]). The claimant submitted documents in support of his motion, which were also relied upon by the State in support of its cross motion, showing that the District Court vacated the claimant's October 1988 judgment of conviction, inter alia, upon due process grounds. Implicit in that determination were the factual findings that the prosecutor was responsible for the perjured testimony at trial, when the complainant testified that he had no criminal record, because the prosecutor's office had been in actual possession of the complainant's criminal record at that time. These findings by the District Court were sufficient to constitute the CPL 440.10 (1) (c) ground for vacatur that "[m]aterial evidence adduced at a trial resulting in a judgment was false and was, prior to the entry of the judgment, known by the prosecutor or by the court to be false." Accordingly, the Court of Claims properly denied the State's cross motion for summary judgment dismissing the claim on the ground that the claimant failed to meet the preliminary requirements of Court of Claims Act § 8-b (3) (b).

The Court of Claims properly denied the claimant's motion for summary judgment on the issue of liability because he failed to establish, prima facie, that he was innocent of the crimes by clear and convincing evidence (*see Reed v State of New York*, 78 NY2d 1 [1991]; *Vasquez v State of New York*, 263 AD2d 539 [1999]).

The parties' remaining contentions are without merit. Skelos, J.P., Fisher, Dillon and Eng, JJ., concur. [*See* 14 Misc 3d 699 (2006).]