Mack v State of New York (2025 NY Slip Op 04282)

Mack v State of New York

2025 NY Slip Op 04282

Decided on July 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

CV-24-0528
[*1]Jerome Mack, Appellant,
v
State of New York, Respondent.

Calendar Date:June 3, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Jerome Mack, Wallkill, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Clark, J.P.
Appeal from an order of the Court of Claims (Frank Milano, J.), entered February 16, 2024, which granted defendant's motion to dismiss the claim.
In 2002, while claimant was incarcerated at Clinton Correctional Facility for an unrelated conviction, he was found in possession of 9.4 grams of vegetation containing marihuana. As a result, he was charged by indictment with promoting prison contraband in the first degree, a class D felony (see Penal Law § 205.25 [2]) and unlawful possession of marihuana, then a violation (see Penal Law former § 221.05, repealed by L 2021, ch 92, § 15). In accordance with a negotiated plea agreement, claimant pleaded guilty to attempted promoting prison contraband in the first degree and was sentenced to 1½ to 3 years in prison, which time would run consecutive to the sentence he was already serving. In 2022, claimant moved to vacate his conviction pursuant to CPL article 440, which motion the People supported due to intervening appellate case law. County Court (Favreau, J.) granted claimant's motion, vacated his conviction and, upon the People's consent, dismissed the 2002 indictment. Claimant brought the instant claim in 2023, asserting a claim for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b. Defendant moved pre-answer to dismiss the claim, arguing, among other things, that claimant failed to comply with the pleading requirements. Claimant opposed the motion. The Court of Claims agreed that claimant did not satisfy the pleading requirements for a claim of unjust conviction and imprisonment and, accordingly, it granted defendant's motion and dismissed the claim. Claimant appeals.
On appeal, claimant argues that the Court of Claims erred in dismissing his claim because the 2002 indictment did not satisfy the elements of promoting prison contraband in the first degree. As the claim highlighted, absent aggravating circumstances, possession of "9.4 grams of vegetation containing marihuana" does not constitute possession of dangerous contraband within the meaning of Penal Law § 205.25 (2) (see People v Finley, 10 NY3d 647, 657-658 [2008]; People v McCrae, 68 AD3d 1451, 1452 [3d Dept 2009]; see also Penal Law § 205.00 [4]), an insufficiency which served as the basis for vacating claimant's conviction. Contrary to claimant's assertion, however, this does not end our inquiry. Rather, "[b]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]; see Wright v State of New York, ___ NY3d ___, ___, 2025 NY Slip Op 01564, *3 [2025]). A claim for unjust conviction and imprisonment must meet specific statutory pleading requirements, including "stat[ing] facts in sufficient detail to permit the court to find that [the] claimant is likely to succeed at trial in proving that (a) he [or she] did not commit [*2]any of the acts charged in the accusatory instrument or his [or her] acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state" (Court of Claims Act § 8-b [4]; see Reed v State of New York, 78 NY2d 1, 7 [1991]; Lanza v State of New York, 130 AD2d 872, 872 [3d Dept 1987]).
When reviewing a motion to dismiss based on a failure to meet said pleading requirements, the Court of Claims should accept the facts alleged therein as true, avoid making credibility or factual determinations and "consider whether the allegations are sufficiently detailed to demonstrate a likelihood of success at trial" (Warney v State of New York, 16 NY3d 428, 435 [2011]; see Baba-Ali v State of New York, 19 NY3d 627, 639 [2012]; Jones v State of New York, 67 Misc 3d 1201[A], 2020 NY Slip Op 50351[U], *3 [Ct Cl 2020]).[FN1] Put another way, to satisfy the pleading requirements of Court of Claims Act § 8-b (4), "[t]he allegations in the claim must be of such character that, if believed, they would clearly and convincingly establish the elements of the claim, so as to set forth a cause of action" (Warney v State of New York, 16 NY3d at 435 [internal quotation marks and citation omitted]). "If the court finds after reading the claim that claimant is not likely to succeed at trial, it shall dismiss the claim" (Court of Claims Act § 8-b [4]; see Paris v State of New York, 202 AD2d 482, 483 [2d Dept 1994]).
Here, in arguing that the facts alleged in the 2002 indictment were insufficient to constitute the charged felony, claimant conceded that, while confined in a detention facility, he possessed marihuana. Notably, marihuana constitutes "contraband" within the meaning of Penal Law § 205.00 (3) (see People v Finley, 10 NY3d at 654-659). Thus, although the allegations set forth in the 2002 indictment were insufficient to support the charged crime, such factual allegations satisfy each and every element of the lesser included offense of promoting prison contraband in the second degree, a class A misdemeanor (see Penal Law §§ 205.00 [3]; 205.20 [2]; cf. CPL 210.20 [1] [b]; [1-a]). Keeping in mind that "the linchpin of the statute is innocence" (Ivey v State of New York, 80 NY2d 474, 479 [1992] [internal quotation marks and citation omitted]), claimant was required to set forth more than conclusory assertions of innocence to satisfy the pleading requirements of Court of Claims Act § 8-b (4) (see Reed v State of New York, 78 NY2d at 7; Fudger v State, 131 AD2d 136, 140 [3d Dept 1987], lv denied 70 NY2d 616 [1988]).[FN2] As claimant failed to plead sufficiently detailed allegations as to how his possession of marihuana did not constitute a misdemeanor (see Court of Claims Act § 8-b [4]; Penal Law § 205.20 [2]; see e.g. Britt v State of New York, 260 AD2d 6, 19-20 [1st Dept 1999], lv denied 95 NY2d 753 [2000]; Fudger v State, 131 AD2d at 140), the Court of Claims properly dismissed his claim.
To the extent not expressly addressed herein, claimant's [*3]remaining contentions have either been considered and deemed to lack merit, or they have been rendered academic in light of the above determination.[FN3]
Aarons, Pritzker, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Ordinarily, a trial court — including the Court of Claims — reviewing a motion to dismiss is required to afford a pleading a liberal construction and to accord it the benefit of every possible inference (see A.J. v State of New York, 231 AD3d 237, 238-239 [3d Dept 2024). However, the Court of Appeals has recognized that Court of Claims Act § 8-b "imposes a higher pleading standard" (Warney v State of New York, 16 NY3d at 435).

Footnote 2: The waiver of immunity encompassed by a claim for unjust conviction and imprisonment was expressly intended to provide "innocent persons . . . an available avenue of redress," which recovery was conditioned upon a claimant meeting a high burden of proof (Court of Claims Act § 8-b [1]), and the Legislature recognized that most of these claims would be dismissed before trial (see Reed v State of New York, 78 NY2d at 11-12; 1987 McKinney's Sess Laws of NY at 2930).

Footnote 3: Claimant argues that his guilty plea was coerced by the prosecutor, defense counsel and County Court because they knew that the amount of marihuana was insufficient to satisfy the elements of attempted promoting prison contraband in the first degree. However, case law contemporary to claimant's plea casts doubt upon such assertion (see e.g. People v McCrae, 297 AD2d 878 [3d Dept 2002], lv denied 1 NY3d 576 [2003]), and the Court of Appeals did not clarify the appropriate interpretation of "dangerous contraband" until several years after claimant's guilty plea (People v Finley, 10 NY3d at 657-658).