Serrano v State of New York (2025 NY Slip Op 06745)

Serrano v State of New York

2025 NY Slip Op 06745

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2021-05302

[*1]Carlos Serrano, appellant,
v
State of New York, respondent. (Claim No. 131059)

Cochran Firm (Joshua Annenberg, New York, NY, of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Daniel Magy of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, the claimant appeals from an order of the Court of Claims (David A. Weinstein, J.), dated May 28, 2021. The order denied the claimant's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
By judgment rendered October 30, 2013, the claimant was convicted of attempted assault in the first degree in connection with a stabbing incident that occurred outside a Brooklyn nightclub in September 2012. The judgment was reversed by this Court on the ground that the verdict of guilt was against the weight of the evidence (see People v Serrano, 157 AD3d 971, 972).
The claimant commenced this claim against the defendant, State of New York, to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b. Following discovery, the claimant moved for summary judgment on the issue of liability. The State opposed the motion. In an order dated May 28, 2021, the Court of Claims denied the claimant's motion. The claimant appeals.
"Pursuant to Court of Claims Act § 8-b, any person convicted and subsequently imprisoned for one or more felonies or misdemeanors may present a claim against the State, provided, inter alia, that the claimant proves, by clear and convincing evidence, that he or she 'did not commit any of the acts charged in the accusatory instrument'" (Vasquez v State of New York, 263 AD2d 539, 539, quoting Court of Claims Act § 8-b[5][c]; see Reed v State of New York, 78 NY2d 1, 11; Turner v State of New York, 50 AD3d 890, 893). "The requirements imposed by Court of Claims Act § 8-b are to be strictly construed" (Vasquez v State of New York, 263 AD2d at 539; see Reed v State of New York, 78 NY2d at 11; David W. v State of New York, 27 AD3d 111, 116).
"[T]he linchpin of the statute is innocence" (Ivey v State of New York, 80 NY2d 474, 479 [internal quotation marks omitted]). "[P]utting the burden of proof on claimant places one in a difficult position of proving a negative" (Reed v State of New York, 78 NY2d at 10 [internal quotation marks omitted]; see David W. v State of New York, 27 AD3d at 116). "Thus, to meet [his [*2]or] her burden of presenting clear and convincing evidence of [his or] her innocence, claimant had to demonstrate that the evidence makes it highly probable that what [he or she] claims is what actually happened with said evidence being neither equivocal nor open to opposing presumptions" (Salce v State of New York, 184 AD3d 1037, 1039 [citations and internal quotation marks omitted]; see Reed v State of New York, 78 NY2d at 10; Alexandre v State of New York, 168 AD2d 472, 472). Moreover, "[w]here credibility determinations are required, summary judgment must be denied" (Quino v Heburechnaya I.S., Inc., 230 AD3d 601, 604 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 201).
Here, the Court of Claims properly denied the claimant's motion for summary judgment on the issue of liability because he failed to establish, prima facie, that he was innocent of the crime by clear and convincing evidence (see Reed v State of New York, 78 NY2d at 11; Turner v State of New York, 50 AD3d at 893; Vasquez v State of New York, 263 AD2d at 539). The proof the claimant submitted, being equivocal and open to opposing inferences, did not meet his burden of proof (see Reed v State of New York, 78 NY2d at 10; Salce v State of New York, 184 AD3d at 1039; Alexandre v State of New York, 168 AD2d at 472).
The claimant's remaining contention is without merit.
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court