Bryant v State of New York (2022 NY Slip Op 01380)





Bryant v State of New York


2022 NY Slip Op 01380


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Singh, Scarpulla, Higgitt, JJ. 


 Appeal No. 15422 Case No. 2021-04043 Claim No. 133233

[*1]David Bryant, Claimant-Appellant,
v State of New York, Defendant-Respondent. 


Emery Celli Brinckerhoff Abady Ward & Maazel LLP, New York (Richard D. Emery of counsel), for appellant.
Letitia James, Attorney General, New York (Mark S. Grube of counsel), for respondent.



Order, Court of Claims of the State of New York (Richard E. Sise, J.), entered July 30, 2021, which granted defendant's motion to dismiss the amended claim for damages pursuant to Court of Claims Act § 8-b for unjust conviction and incarceration, unanimously affirmed, without costs.
Contrary to claimant's contentions, his claim does not satisfy the pleading requirements of Court of Claims Act § 8-b (3) (b), as the vacatur of his conviction by the habeas court was not based on any of the grounds set forth in the statute; it was based on a finding of ineffective assistance of counsel in violation of claimant's constitutional rights (see CPL 440.10[1][h]), which is not an included ground. The Court of Claims correctly determined that the findings with respect to the evidence supporting claimant's claim of actual innocence necessarily made by the habeas court in connection with permitting an equitable toll of the statute of limitations and vacating claimant's conviction based on ineffective assistance (Bryant v Thomas, 274 F Supp 3d 166, 183-191 [SD NY 2017], affd 725 Fed Appx 72 [2d Cir 2018]) did not include, or amount to, a finding that claimant presented "[n]ew evidence [that] ha[d] been discovered" that was "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" and that "could not have been produced . . . at the trial even with due diligence" (CPL 440.10[1][g]). Thus, the habeas findings are not sufficient to constitute the CPL 440.10(1)(g) ground for vacatur that is included in Court of Claims Act § 8-b(3)(b) (see Rosario v State of New York, 191 AD3d 586 [1st Dept 2021], lv denied 37 NY3d 915 [2021]; see also Turner v State of New York, 50 AD3d 890 [2d Dept 2008]).
We have considered claimant's remaining argument and find it unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022